JOHN McMILLAN, GUARDIAN, v. C. KELCH, ADM'R.

In this case the writ of error, which sought to revise the action of the County and District Court, on a question whether certain other property in the possession of the administrator, and claimed by him as his own, ought not to be embraced in the inventory, was dismissed, on the ground that it was not prosecuted until a year and five months after the judgment, and in the mean time the estate had been fully administered; the plaintiff in error being a party to the proceedings on final settlement.

The plaintiff should have at once prosecuted an appeal from the judgment, to the Supreme Court; and if so, it would not have been competent for the County Court to have, during the appeal, decreed a final settlement.

Or, if not satisfied with the judgment, he might have urged the same matter on final settlement, and prosecuted his appeal to this Court, from the final decree.

See this case as to the practice of the Supreme Court, on a motion to dismiss on grounds not apparent from the transcript.

Error from Colorado. Tried before the Hon. Robert J. Townes.

The defendant in error filed the following motion:

The defendant in error says that after the determination of this cause in the District Court, and before the filing of the petition for the writ of error, he, as administrator of E. Kelch, deceased, made a final settlement of the estate, in the County Court of Colorado County, where letters of administration were granted to him; and that the plaintiff in error was party to that settlement; all of which will more fully appear by copy from the records of the County Court of Colorado County, showing that the succession is closed, with the exception of a partition, which appears to be ordered. Therefore the defendant moves this Court to dismiss this cause at costs of the plaintiff.

The copy from the records of the County Court of Colo-

rado County, referred to in the motion, was filed therewith; and the facts appearing therefrom are stated in the Opinion.

*J. H. Robson*, for plaintiff in error.

*G. W. Smith*, for defendant in error.

HEMPHILL, CH. J. The plaintiff in error, John McMillan, as guardian of certain minors, filed his petition in the County Court, alleging, among other things, that the defendant, E. Kelch, as administrator of his wife, had not returned in the inventory two yoke of oxen, farming utensils, crops of cotton and corn, alleged to belong to the estate of the wife. The Court, at the hearing, ordered the suit to be dismissed, the property sued for not being the property of the estate. An appeal was taken to the District Court, and on the 14th April, 1854, the appeal, for the want of an appeal bond, was dismissed. No appeal was taken from this judgment to the Supreme Court, nor was the petition for this writ of error filed until the 15th September, 1855, one year and five months from the entry of judgment. In the mean time, and after the dismissal of the appeal, by the District Court, the account of the administrator came on for final settlement in the County Court, on the 25th September, 1854, and the account, being audited and re-stated, was confirmed. The estate was also ordered to be distributed, and commissioners were appointed to make partition in conformity with the decree. McMillan, as guardian of minors, appealed to the District Court, from the order confirming the account for final settlement, and also from the order for partition. On the thirty-first day of October, 1854, the decree of the County Court, for settlement and partition, was affirmed, and the affirmance being certified immediately, the County Court re-affirmed its former decree, and having ascertained that an additional tract of three hundred

acres belonged to the community between Kelch and wife, the Commissioners were directed to partition the property mentioned in the previous decree, together with this additional three hundred acres, to the parties, according to this and the former decree of partition, and make report thereof at the next Term.

Upon these facts, the defendant insists that this writ of error should be dismissed, and we are of opinion, that, under the circumstances, the plaintiff is not entitled to the writ.

This proceeding was commenced, originally, to amend the inventory, insisting that certain property, not inventoried, belonged to the estate. The controversy was not carried beyond the District Court ; and after the judgment in that Court, the account of the administrator came on for settlement, and also the matter of partition, involving an inquiry as to the property subject to distribution. The plaintiff was present, and urged, or might have urged, the claim of the estate to the oxen and other property mentioned. The decision was adverse to such claim, if made, and on appeal this was affirmed by the District Court, and from this affirmance no appeal was taken to this Court, but the mandate of the District Court being sent to the County Court, the order for final distribution was re-entered and re-affirmed ; nearly a year afterwards, this present writ of error is sued out, to bring up a decree on an incidental, interlocutory proceeding, and in relation to a matter which must or might have been litigated on the final settlement. To permit a review at so late a day, of an incidental proceeding, would seriously embarrass the settlement of estates. It would trench deeply upon the policy of speedy adjustment of successions. The plaintiff should have at once prosecuted an appeal from the judgment to the Supreme Court ; and if so, it would not have been competent for the County Court to have, during the appeal, decreed a final settlement. Or, if not satisfied with the judgment, he might have urged the same matter on final settlement, and prosecuted

his appeal to this Court, from the final decree ; and not having adopted either of these modes, he cannot, after the lapse of nearly a year from the final decree, re-open the adjustment, and invoke a right which was apparently abandoned, and which was or might have been re-litigated before the order for final distribution.

We are of opinion, that this writ of error should not be now entertained, and that the same be dismissed.

Writ of error dismissed.