# FOURTH DISTRICT, 1893.

John H. Bolton v. The City of San Antonio et al.

No. 3.

1. **Injunction.**—On motion for rehearing in this cause appellant admits that the bonds he sought to enjoin the issuance of have been issued, and consequently the injunction would be futile. He contends, that the judgment against him is. for costs, and is an adjudication of the wrongful suing out of the injunction, and gives the appellees a right of action for damages, and contends that this court should either reverse the judgment of the lower court, or if the fact of the issuance of the bonds since the trial below is properly brought to a knowledge of this court, the judgment should be reformed and rendered as a judgment denying the injunction prayed for. *Held*, the main object in reversing and remanding a case is that the issues involved shall be fairly and impartially tried according to law. Should this case be reversed there would be no issue to try, the bonds having been issued and sold. It is not the province of this court to relieve appellant of his liability on the injunction bond, nor to ascertain who is liable for costs.

2. **Practice on Appeal.**—Petition for injunction was refused, and final judgment rendered for defendant on demurrer. On appeal, the petition can not be taken as true for the purpose of rendering judgment for the plaintiff, on it. appearing that the demurrer was improperly sustained.

Appeal from Bexar.   Tried below before Hon. W. W. King.

*T. J. McMinn* and *R. B. Minor*, for the motion.

Neill, Associate Justice.—The appellant, John H. Bolton, brought this suit in the District Court of Bexar County on July 20, 1889, against. the city of San Antonio and Bryan Callaghan, mayor of said city, appellees, to enjoin appellees from issuing bonds of said city to the amount of $250,000, to run from twenty to thirty years, with interest at 5 per cent.' per annum.   The grounds alleged for the injunction were, that the city of San Antonio, acting by its mayor and city council, was about to issue its said bonds to said amount without authority of law (the facts intended to show that the issuance of the bonds contemplated would be illegal are fully alleged by appellant in his petition, but in view of the disposition we shall make of the case, it is deemed unnecessary for us to reiterate them); that appellant is the owner of property situated in said city, subject to taxation by the city; that if the bonds should be issued and sold to a bona fide purchaser, or pass by assignment into the hands of bona fide holders, his property situated in said city would be taxed for the

purpose of paying the interest on said bonds and providing a sinking fund to redeem them, and that he would have no defense against such holders, but would be compelled to pay such tax on his property, to pay the interest on and redeem said bonds, and thereby sustain irreparable injury.

A temporary writ of injunction was issued on the 20th day of July, 1889, which, on motion of appellees, was dissolved on the 6th day of August, 1889.

Upon final hearing a general demurrer was sustained to appellant's petition, and he having declined to amend, judgment was entered dismissing the case, from which he appealed to our Supreme Court.

Upon the organization of our Courts of Civil Appeals, the case was transferred to the Court of Civil Appeals for the Third Supreme Judicial District, which court, on the 18th of January, 1893, affirmed the judgment of the court below (21 Southwestern Reporter, 64), but afterwards, upon motion of appellant filed in said court, on the 1st day of February, 1893, granted him a rehearing (21 Southwestern Reporter, 401), and transferred the case to this court.

Appellant, in his motion for rehearing referred to above, admits that since the trial of this case in the court below the bonds the issuance whereof was sought to be enjoined have been issued, and consequently that an injunction would be futile. He contends, however, that as the judgment against him is for costs, and is an adjudication that he wrongfully sued out the injunction, and is available as such an adjudication in any suit for damages which may be brought by the city against him, that this court should either reverse the judgment of the lower court; or, if the facts alleged are deemed admitted by the pleadings, and if the facts of the issuance and sale of the bonds since the trial below is by his admission properly brought to the knowledge of this court, that the court should reform the judgment and render it as a judgment denying the injunction prayed for, reciting as a reason for such denial the issuance since the trial of the bonds sought to be enjoined, and adjudging that appellant recover of appellees all costs incurred in this court and in the court below.

Although it may be said that the purpose of appellant's motion for a rehearing has been accomplished, the motion still remains a part of the record in this case, and the court feels authorized in considering the admissions of appellant contained in it, and in acting upon them for the purpose of determining the proper disposition of this case.

In view of the fact that appellant admits in his motion that the bonds the issuance of which was sought to be enjoined have been issued, and that an injunction would now be futile, the question presents itself, should this court go into an examination and consideration of the record for the purpose of determining whether the judgment of the court below should

be reversed? The main object in reversing and remanding a case is that the issues involved in it shall be fairly and impartially tried according to law. The reason for a reversal ceases with its object. If we should, from a thorough examination and consideration of the record, conclude that the court below erred in refusing the injunction prayed for, and should remand the case, there would be no issue for the District Court to try. The issue before was whether the city of San Antonio was about to unlawfully issue and put in circulation certain coupon bonds that would affect appellant's taxable property within the limits of said city. This was the only issue, and it has been eliminated from the case by the issuance and sale of the bonds; whether rightfully or wrongfully done, it is useless for us now to undertake to determine, for appellees can not now be restrained from doing that which they have already done. Should this cause be remanded to the trial court, upon its being made to appear that the bonds have been issued and sold, it could only dismiss it or render judgment for appellees.

We can not reverse, and render such judgment in the case as appellant asks in his motion for a rehearing, for the reason that we can not for that purpose consider the matters pleaded by him as true. While a demurrer admits the truth of the matters to which it is interposed, the admission is solely for the purpose of the demurrer, and can be considered for no other purpose. Appellate courts are not authorized to take matters as true, for the purpose of rendering judgment upon them, which were admitted only for the purpose of considering a demurrer. We do not deem it our province to enter upon a consideration of this case for the purpose of relieving appellant of the effect which he says the judgment of the court below may have on him in a suit which he alleges may be brought against him by the city of San Antonio for wrongfully suing out the injunction. Nor do we think that he has any right to a decision of this case for such a purpose.

It is apparent to us, that this case now involves nothing more than costs. As it is not customary to decide questions of importance after their decision has become useless, merely to ascertain who is liable for costs, and as the condition of the case is now such that the court below could not render an effective judgment upon its reversal (Lacoste v. Duffy, 49 Texas, 767), the case is dismissed.

*Dismissed.*

Delivered September 13, 1893.

Chief Justice James did not sit in this case.