HELEN W. HOLT ET AL. v. SAM MAVERICK ET AL.

No. 212.

## 1. Disqualification of Judge of Court of Civil Appeals.

When a judge of a Court of Civil Appeals does not sit in the determination of a cause, a question involving his disqualification under the Constitution does not give jurisdiction to the Supreme Court by writ of error ......................................................... 459

## 2. Case Adhered to.

City of Austin v. Nalle, 85 Texas, 520, adhered to, that when one judge of a Court of Civil Appeals is disqualified the remaining members constitute a court, and can determine the cause ........ ................. 459

APPLICATION FOR WRIT OF ERROR to Court of Civil Appeals for Fifth District, in an appeal from Bexar County.

The litigation was as to ownership of a tract of 320 acres of land, survey 333, Kinney County, made and patented under bounty warrant number 3955, to John Wilkinson.

The plaintiffs, who were appellants, claimed as heirs of one John Wilkinson, who died in 1840 in Matagorda.

The defendant below and appellee claimed under a judgment, execution, and sheriff's sale of another John Wilkinson, who was well known in San Antonio, and was living there in 1853, when the judgment was rendered against him.

The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause upon two grounds: (1) The exclusion of a certified copy from the General Land Office and endorsement upon the said certificate number 3955, which appeared to have been made and cancelled by one Selkirk, a county surveyor, and which tended to identify the ancestor of the plaintiffs with the control of the certificate. (2) The admission of the execution and sale under which defendant claimed, without competent proof of the judgment.

After the first decision by the Court of Civil Appeals a rehearing was granted, and JAMES, Chief Justice of said court, recused himself for reason that he was interested in the subject matter of the litigation. The remaining two justices of the court then reversed and remanded the case. An amended motion for rehearing also was overruled.

In the application for writ of error it was alleged:

"That in overruling defendant's said motion for rehearing, * * * the court held, that JAMES, Chief Justice, was in law disqualified to sit in the said cause because he was interested in the subject matter of the litigation, and that the remaining members constitute a legal and constitutional court to hear and determine the said cause; and that a proper construction of section 11, article 5, of the State Constitution, did not require that the remaining members of the court should certify the disqualifi-

cation of the Chief Justice to the Governor for an appointment to fill the vacancy.

"Petitioner shows, that the judgment of said Court of Civil Appeals holding Chief Justice James to be disqualified, and holding that the two remaining members of the court constituted a legal and constitutional court, involved a construction of section 11, article 5, of the State Constitution, and therefore this honorable court has jurisdiction by writ of error to review the said judgment.

"Petitioner further shows, that the judgment of the Court of Civil Appeals, holding that the certified copy from the Commissioner of the General Land Office of the endorsement on the back of the bounty warrant was admissible in evidence, involved a construction of articles 57 and 2253 of the Revised Statutes of the State of Texas, in this, that the court held that article 2253 was not limited in its application and effect to the archives of the Land Office as defined in article 57, but applied as as a rule of convenience to any papers in the Land Office, whether they were archives or not.

"Petitioner shows, that the opinion of the said Court of Civil Appeals upon the introduction of the endorsement on the said bounty warrant and upon the construction of article 2253 of the Revised Statutes, is in direct conflict with and in effect overrules the case of Rogers v. Pettus, decided by the Supreme Court of Texas, Texas Reports, volume 80, page 425, in this, that in the said cause the Supreme Court held that a certified copy given by the Commissioner of the General Land Office, to be admissible in evidence under article 2253, must be of a paper which is deposited in his office in obedience of some law of the Republic or State of Texas, and which is legally an archive of his office as defined by article 57 of the statutes.   For which additional reasons this court has jurisdiction by writ of error to review the said cause.

"For the errors of the Court of Civil Appeals, restated as follows, petitioner prays that a writ of error be granted:

"1. In holding that Chief Justice James was disqualified to sit in the said cause.

"2. In holding that the two remaining members constituted a legal and constitutional court, without certifying the disqualification of the Chief Justice to the Governor.   Sec. 11, art. 5, State Const.; City of Austin v. Nalle, 85 Texas, 520.

"3. In holding that the endorsement on the back of the bounty warrant was an ancient instrument, and as such admissible in evidence without proof of its execution, and that said endorsement was susceptible of proof by a certified copy from the Commissioner of the General Land Office.

"4. In holding that the appellee failed to prove the existence of a valid judgment as a predicate for the execution sale from John Wilkin-

:son to appellee's ancestor, and in holding that the rendition of a judgment by a justice of the peace could be proved only by his docket entry.

"5. In reversing the cause upon the preceding ground, because if error was committed in the trial court, it was done while appellee was connecting himself with an outstanding title in the John Wilkinson who was alive in San Antonio in 1853; and such error, under the facts and charge of the court, could not possibly have affected or prejudiced appellants' title, and therefore would be harmless."

*Perry J. Lewis*, for application.

STAYTON, CHIEF JUSTICE.—The judgment of the District Court was reversed and the cause remanded, but it does not appear that the ruling necessarily determines the cause.

A question arose, however, in the Court of Civil Appeals as to the disqualification of one of the judges of that court, and he declined to sit.

Jurisdiction of the Supreme Court to grant writ of error is claimed on the ground that the determination of the qualification of the judge involved the application and construction of the Constitution of this State.

That may be true, but the judge did not sit, and the validity of the action of the other judges did not depend on his sitting or refusing to .sit. This was decided in case of City of Austin v. Nalle, 85 Texas, 520, and writ of error will not be granted in order to pass upon a question already settled.

The application for writ of error will therefore be dismissed.

Delivered March 5, 1894.