ELECTRIC PARK CO. v. SAN ANTONIO BASEBALL ASS'N.

(Court of Civil Appeals of Texas. San Antonio. April 10, 1913.)

APPEAL AND ERROR (§ 781*)—DECISIONS REVIEWABLE—MOOT CASES.

Where a temporary injunction restraining the removal of personal property from plaintiff's land was dissolved, and the property was removed pending the appeal which did not stay the order dissolving the injunction, the appeal will be dismissed; the case being moot, and the only point left being the question of costs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3122; Dec. Dig. § 781.*]

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Action by the Electric Park Company against the San Antonio Baseball Association. From an order dissolving a temporary injunction, plaintiff appeals. Appeal dismissed.

Joel A. Lipscomb and W. H. Lipscomb, both of San Antonio, for appellant.

MOURSUND, J. On October 23, 1912, a temporary injunction was issued by order of Hon. W. S. Anderson, judge of the Thirty-Seventh judicial district of Texas, restraining the appellee from tearing down and removing certain grand stands, bleacher stands, and other improvements which had been erected by appellee upon premises belonging to appellant during the time when appellee had such premises leased. It was alleged in the petition for injunction that the lease contract in force at the time the improvements were erected provided for their removal by appellee upon termination of the lease, but subsequently a new contract had been entered into under which such improvements became the property of appellants; that appellees repudiated such subsequent contract, and had brought suit in the Thirty-Seventh district court of Bexar county to cancel the same; that the ownership of said improvements would be deter-

mined in said suit, and the acts of the Baseball Association in attempting to tear down and remove such improvements will tend to render the judgment of the court in the case referred to ineffectual, should such judgment be in favor of the Electric Park Company. The defendant filed a sworn answer, supported by affidavits, and on November 8, 1912, the court entered an order dissolving the temporary injunction, from which order this appeal was taken.

[1] The order dissolving the temporary injunction did not provide that such order should be suspended during the appeal therefrom, so under article 4644, Revised Statutes of 1911, the order dissolving the injunction remained in full force and effect. Prior to the submission of this case, all the property, the removal of which was sought to be restrained, had in fact been removed from appellant's premises. The only purpose for which this suit was instituted was to prevent the removal of such property pending the trial of the other case. This case, therefore, falls within that class of cases in which there is nothing left to litigate except the matter of costs. In such cases our courts have declined to decide abstract propositions or to declare principles of law which cannot affect the result as to the matter in issue. In the case of La Coste v. Duffy, 49 Tex. 768, 30 Am. Rep. 122, the court said: "It has not been customary in this court to decide questions of importance, after their decision has become useless, merely to ascertain who is liable for the costs. The amount of business of practical importance would forbid that the time of the court should be so occupied." See, also, Jackson v. Daugherty, 26 S. W. 1116; Bolton v. City of San Antonio, 4 Tex. Civ. App. 175, 23 S. W. 279; McMillan v. Kelch, 16 Tex. 150; Railway v. Wilson, 59 S. W. 589; Johnson v. Scott, 111 S. W. 167.

The appeal will be dismissed, at appellant's costs.