WHITESIDES et al. v. WOOD et al.
(No. 6131.)

(Court of Civil Appeals of Texas. Austin. March 12, 1919.)

1. APPEAL AND ERROR ⊂⊃781(1) — REVIEW — MOOT QUESTION—COSTS.

Appellate courts will not retain jurisdiction of an appeal to determine supposed rights, when the subject-matter of the suit has terminated, merely to decide the question of costs, but appeal will be dismissed.

2. APPEAL AND ERROR ⊂⊃74—REVIEW—INTERLOCUTORY ORDER.

In action to enjoin sale of property upon ground that judgment on which order of sale was issued was not a final judgment, the Court of Civil Appeals will not entertain appeal from interlocutory order denying application for temporary injunction, after sale has taken place and the subject-matter of such appeal has ceased to exist, to determine question of finality of the judgment, since such question can be raised on appeal from the final judgment.

3. APPEAL AND ERROR ⊂⊃781(2)—REVIEW— MOOT QUESTION — INTERLOCUTORY ORDER — INJUNCTION TO RESTRAIN SALE.

An appeal from an interlocutory order denying application for temporary injunction to restrain sale of property will be dismissed, where sale has taken place; it being impossible to afford relief sought, and there being nothing for court to decide except a moot question.

4. COSTS ⊂⊃238(1) — APPEAL — MOOT QUESTION.

Where appeal from order refusing to grant temporary injunction to restrain sale of property under order of court was perfected after sale had taken place and the question had become moot, appeal will be dismissed and costs taxed against appellant.

Appeal from District Court, McLennan County; Erwin J. Clark, Judge.

Action by Margaret Whitesides and another against N. Wood and others. From an order and decree refusing to grant temporary writ of injunction, plaintiffs appeal. On motion to dismiss appeal. Appeal dismissed.

Taylor, Forrester & Stanford, of Waco, for appellants.

W. L. Eason, of Waco, for appellees.

BRADY, J. This case is before this court on an appeal from an order and decree of the district court of McLennan county, refusing to grant appellants a temporary writ of injunction. The original petition was filed January 29, 1919, and the application for injunction was set down for hearing for February 1, 1919. Appellants applied for the writ of injunction to restrain a sale of certain property claimed to be the homestead of appellants, Margaret and Richard Whitesides, under what was alleged to be a void judgment, in that the judgment had never become final; and it was alleged that the order of sale was therefore a nullity. The sale sought to be enjoined was advertised to take place February 4, 1919, and the injunction was refused by the trial court after hearing on February 1, 1919.

Appellants' appeal bond was filed on February 8, 1919, and the transcript contains but two assignments of error; the first being to the effect that the trial court erred in refusing to grant the temporary injunction prayed for, because the facts alleged in appellants' petition and admitted by appellees showed that appellants were entitled to such relief; and, the second, that the court erred in refusing to grant the temporary injunction, because the judgment on which the order of sale was issued was not a final judgment.

Appellees have filed their motion to dismiss this appeal, on the ground that the appellants now present only a moot question for this court's determination.

It appears from the record that the sale sought to be enjoined was to take place on February 4, 1919, and that the appeal was perfected four days after the sale was advertised to take place. Appellees accompany their motion to dismiss with the order of sale and the return of the sheriff, showing that the property was sold by the sheriff to N. Wood, one of the appellees, on February 4, 1919; and they also attached the sheriff's deed, which was filed for record in the office of the county clerk on February 6, 1919. It is therefore claimed that the subject-matter of this appeal has ceased to exist, and that there now remains nothing for this court to determine, except the mere matter of costs.

[1] We are of the opinion that the above contention must be sustained. The relief sought in the application for a temporary injunction was restricted solely to the restraining of the sale of the property; and, the sale having already been consummated, it

is obvious that no order this court could enter would afford such relief. To decide whether the trial court properly or improperly refused to grant the injunction would now be to determine a mere abstraction. It has been early settled in this state that the appellate courts will not retain jurisdiction of an appeal to determine supposed rights, when the subject-matter of the suit has terminated, merely to decide the question of costs. Lacoste v. Duffy, 49 Tex. 768, 30 Am. Rep. 122; Electric Park Co. v. San Antonio Baseball Ass'n, 155 S. W. 1189; Tel. Co. v. Galveston Co., 59 S. W. 589; Ansley v. State, 175 S. W. 470; McMillan v. Kelch, 16 Tex. 150; Jackson v. Daugherty, 26 S. W. 1116; Johnson v. Scott, 111 S. W. 167.

It is suggested in appellants' brief and reply to the motion to dismiss that, while this proceeding was instituted primarily to enjoin the sale, it also had for its object the declaring void of the former judgment, and the further relief of having the original cause stand for trial on the docket, and the rendition of a proper and final judgment; and that the appeal should not be dismissed, but that this court should decide whether the former judgment was final or not.

[2] We cannot agree to this contention. The appeal is purely from an interlocutory order, denying an application for an injunction; and, in the present situation, the finality of the judgment upon which the order of sale was issued becomes immaterial. The sale having taken place, and the subject-matter of the suit, in so far as the injunction is concerned, having ceased to exist, we cannot properly go into the question of whether such judgment was final or not. As far as the record discloses, and presumably, this case has not been tried upon its merits, and still stands upon the docket of the lower court for trial. Appellants suggest that they would be without remedy, if this appeal should be dismissed; but such would not be the result. If the court should refuse to set aside the former judgment, upon the final hearing of this cause, the question of the finality of such judgment could properly be raised on appeal; and, if the appellate court should be of the opinion that the judgment was not final, it would so hold, and the cause would stand for trial until final judgment should be entered.

[3] This is not a case where the appeal is from a judgment which itself is not final, and therefore would require the dismissal of the appeal; in which instance it has been held that, while the appeal should be dismissed, the trial court should proceed to try the case and enter final judgment. An appeal from the interlocutory order, denying the temporary injunction, is authorized by statute, and the decree is, for the purposes of appeal, treated as final. Our action in dismissing this appeal is not based on any want of finality in the order appealed from, but solely upon the consideration that it would now be impossible to afford the relief sought in the application for injunction; and there is therefore nothing left but a moot question.

[4] It appears that, at the time appellants perfected this appeal, not only had the date for the sale passed, but it had taken place, and a deed to one of the appellees from the sheriff had been filed for record, and appellants had at least constructive notice that they could no longer hope for relief enjoining the sale. Therefore the appeal will be dismissed, at the cost of appellants.

Motion granted.