HAMMONDS, County Treasurer, v. WARD, Judge. (No. 2154.)

(Court of Civil Appeals of Texas. Texarkana. June 3, 1919. Rehearing Denied June 12, 1919.)

1. MANDAMUS ⬦16(1)—MOOT CASE—COMPLIANCE WITH REQUIREMENT.

Where county treasurer, seeking mandamus to revoke vacation order requiring transfer of county funds from one bank to another bank held to be legal depository, gave his check to latter bank drawn on first bank for the funds, he did all that was required to comply with order, regardless of fact that draft accepted in payment of check was not paid, and mandamus proceedings will be dismissed.

2. MANDAMUS ⬦16(1)—MOOT CASE—RETENTION TO DECIDE PUBLIC QUESTION.

Original application by county treasurer for mandamus to test appointment of depository of county funds by revoking order of judge compelling transfer of funds to bank held legal depository will not be retained to determine that question after county treasurer has complied with order of transfer.

Levy, J., dissenting.

Original application for mandamus by I. H. Hammonds, County Treasurer, against J. A. Ward, Judge of Seventy-Sixth Judicial District of Texas. Application dismissed.

T. C. Hutchings, of Mt. Pleasant, and Mahaffey, Keeney & Dalby, of Texarkana, for relator.

J. M. Burford, of Mt. Pleasant, for respondent.

HODGES, J. This is an original application presented by the relator, I. H. Hammonds, county treasurer of Titus county, for a writ of mandamus compelling the honorable

J. A. Ward, judge of the Seventy-Sixth Judicial district of Texas, to set aside an order made by him upon an application presented in vacation, and to set down for trial before a jury a pending suit which will be hereafter more fully explained. The application presented in this court alleges that the relator is the duly elected and acting treasurer of Titus county, Tex.; that the Honorable J. A. Ward is judge of the district court of that district; and that the State National Bank of Mt. Pleasant, Tex., had been the duly selected depository of the county funds for Titus county, Tex. The following is the substance of other material facts stated: On April 17, 1919, the First National Bank of Mt. Pleasant, claiming to be the legally designated depository of the county funds of Titus county, presented to the defendant Ward in vacation an application for a writ of mandamus compelling the relator herein, as treasurer of Titus county, to transfer the county funds from the State National Bank of Mt. Pleasant to the applicant, the First National Bank of Mt. Pleasant. The application was set down for hearing two days later, at which time Hammonds, the relator, appeared and filed an answer denying, in effect, that the first National Bank had been legally selected by the commissioner's court of Titus county as the depository for the county funds, and further denying that any bond had been filed by that bank as required by law. The denial extended to some other details not necessary to be here considered. Hammonds also deposited a jury fee at the time his answer was filed, and asked that the case be passed till the next regular term of the district court that he might have the issues of fact raised in the pleadings passed upon by a jury. Upon an inspection of the pleadings, the district judge, respondent herein, held that there were no issues of fact which entitled the relator to a trial by a jury, and entered an order granting the writ prayed for directing that the relator as county treasurer transfer all of the county funds then on deposit in the State National Bank of Mt. Pleasant to the First National Bank of the same place. On April 28th following those proceedings, attorneys for the relator, Hammonds, presented to this court an application for a writ of mandamus compelling the Honorable J. A. Ward to set aside that vacation order directing a transfer of the county funds and pass the case over for trial at the next regular term of the district court of that district. Leave was granted the relator by this court for the filing of the application, and the case was set for hearing on the following Thursday, May 8th.

The respondent filed in this court a sworn answer alleging that the subject-matter of the suit had been settled by a compliance on the part of the relator with the order of the respondent Ward. It appeared from that answer that on April 28th, at or before the hour the application of the relator was filed in this court, he had in fact complied with the order of the district judge. The transfer of the funds was made in the following manner: The relator gave to the First National Bank his check drawn on the State National Bank for the sum of $26,000, the entire amount of the county funds on deposit in the latter bank. The First National Bank presented relator's check to the State National Bank for payment. The latter gave as payment its draft drawn for the same amount on the Metals & Mechanics National Bank of New York. The First National Bank of Mt. Pleasant then entered upon its books the proper credit in favor of the relator for the full amount of the Titus county funds. The draft above referred to was then forwarded by the First National Bank to its correspondent, the National Bank of Commerce of New York, with which it had funds on deposit. This last-named bank paid the draft by giving the First National Bank credit on its books for the amount of the draft.

The relator filed a reply to the respondent's answer, in which he admitted the facts above stated, but sought to avoid them by further alleging that, before the draft given to the First National Bank by the State National Bank had been forwarded for collection, notice was given by the State National Bank to the First National Bank that the draft would not be paid, and further alleging that the State National Bank had no funds in the hands of the Metal & Mechanics National Bank of New York City for the payment of the draft. It was further alleged, however, that at the time of drawing the draft the State National Bank did have funds to its credit on deposit with the Security National Bank of Dallas, Tex., and that it had intended to have the latter bank transfer funds to the Metals & Mechanics National Bank of New York City in time to meet that demand; but that upon learning that this court had granted the relator, Hammonds, leave to file his application, and had issued a temporary restraining order preventing any proceedings against him for contempt for failure to comply with the order of the Honorable J. A. Ward, no arrangement had been made with the Security National Bank of Dallas, Tex., for the transfer of the funds in the manner above stated, and the First National Bank was notified that the draft would not be paid. Relator further alleged that the check was given by him in favor of the First National Bank for the transfer of the funds through fear of the consequences of disobeying the order made by the respondents; and that, as soon as he ascertained that this court had granted a temporary restraining order that would protect him from punishment in case of disobedience of that order, he endeavored to stop the payment of the draft drawn by the State National Bank. The relator contends

that the proceedings above stated were not sufficient to constitute a transfer of the county funds, and that there has been no settlement of the suit.

[1] Without reference to any other question involved in this proceeding, we are of the opinion that there is no occasion for this court to further entertain jurisdiction of this application. When the relator gave to the First National Bank of Mt. Pleasant his check drawn on the State National Bank for the amount of the county funds there on deposit, he did all that was required of him to comply with the order of the district judge. After that check was honored and the proper credit entered on the books of the First National Bank, the funds of Titus county were on deposit in that bank, regardless of what disposition was thereafter made of the draft which the First National Bank had accepted in payment of the relator's check. The issuance and acceptance of the draft on the Metals & Mechanics National Bank of New York in payment of the relator's check was a matter which concerned only the two banks that were parties to that transaction. If the First National Bank elected to accept payment in that manner, the relator has no right to complain. The transaction having reached that stage, he could recall what he had done only by checking against the credit which had been entered in his favor in the First National Bank. Conceding that he might adopt that course and thus restore the county funds to the former depository, it is sufficient answer to say that he has not done so. Whether the order of which he complains was lawful, or otherwise, it has been complied with.

[2] The argument is made that, although the relator may no longer be entitled to the relief he sought, yet this court should entertain jurisdiction for the purpose of determining the validity of the proceedings by which the First National Bank was selected as a depository for the funds of Titus county. The continuation in this court of these proceedings depends upon the continued existence of the controversy begun in the district court. When that is settled, nothing is left for this court to determine except the matter of costs, and that is too inconsiderable to require further judicial attention. Watkins v. Huff, 94 Tex. 631, 64 S. W. 682; Holt v. Maverick, 86 Tex. 457, 25 S. W. 607; Bolton v. San Antonio, 4 Tex. Civ. App. 174, 23 S. W. 279; S. W. Tel. Co. v. Galveston County, 59 S. W. 589. Many other cases of similar holding might also be cited.

The suit in the district court, described in the relator's application, was an action in personam, and originated in a claim by the First National Bank of Mt. Pleasant that it was the legally selected custodian of the funds belonging to Titus county. Acting upon that claim, the bank demanded of the relator a transfer of those funds, and upon his re-

fusal applied for the writ of mandamus here complained of. The application for the writ was resisted upon the ground that the First National Bank had not been legally selected as the county depository and was not, therefore, entitled to the custody of the county funds. That presented an issue which had to be determined before granting or refusing the writ prayed for. In a proceeding which the relator here assails as illegal, the district judge tried that issue and granted the writ, presumably upon the finding of fact that the bank had been legally selected as the county depository. Two courses were then open to the relator: He might have obeyed the order of the district judge by transferring the county funds; or he might have refused upon the ground that the order was made without authority, and sought its annulment in some appropriate proceeding. The record shows that, before the relator's application was filed in this court, he had elected to obey the order of the district judge, and had actually made a transfer of the funds. By doing this he just as effectually ended the controversy with the bank as if he had made that transfer without an order of the court. After that transaction, there was in existence no cause of action of which this court could take cognizance. Relator's right to invoke the aid of this court depended upon his having a cause of action at the time of filing his original application. He was required to allege, not only that an illegal order had been made by the district judge requiring him to do that which was not his duty, but that obedience to the order was being resisted. His right to have the validity of the bank's claim determined was before transferring the funds, and not afterward. That question was merely incidentally involved. It has been held that, when the subject-matter of the suit ceases to exist by reason of the lapse of time after an appeal has been perfected, the appellate court may continue to entertain jurisdiction in order to review the judgment appealed from when a dismissal of the appeal would make the latter res adjudicata of other issues likely to arise thereafter. Eberstadt v. State, 20 Tex. Civ. App. 164, 49 S. W. 654. But that is not the situation before us. Here the relator has voluntarily terminated the controversy before filing his proceedings in this court. He is therefore in the attitude of having obeyed the order of the district judge, thus eliminating any cause of complaint on the part of the bank, and is now presenting a purely academic question. He is no more authorized to have this court determine that question in that state of the record than if he had alleged in his original application in this court that the order had been obeyed by him. Courts will not undertake to decide such questions in the absence of a controversy between parties whose personal or property rights are involved.

For the reasons stated, the application of the relator will be dismissed, at his cost.

LEVY, J. (dissenting). I do not agree to the disposition of the proceedings. The original application for mandamus filed by the First National Bank of Mt. Pleasant before the judge of the trial court alleged, in substance, that the said bank was the official depository of the county of Titus, legally so made by the commissioners' court in compliance with and according to the requirements of the statute, and that the county treasurer refused on application to transfer and deliver over the county funds. The face of the allegations evidenced in legal effect full legal authority of the First National Bank to have and to hold at once as official depository the funds, and the only controversy becomes the mere refusal of the treasurer to deliver or transfer the funds to the designated depository. Under such alleged situation, the only remedy is to compel the delivery or transfer of the funds to the proper custodian. This may have been the proper thing for an order in vacation by the trial judge. But when the answer of the county treasurer was later filed, a complete and different legal controversy was presented for adjudication by the trial judge. The answer controverted the legal authority of the First National Bank to be the custodian or depository, upon the ground that the order of the commissioners' court designating a depository was not done in the way and manner required by the terms of the statutes, and that in consequence the treasurer was not legally authorized to deliver or transfer the funds. In view of this answer, the trial judge could not legally issue a peremptory order of transfer of the funds to the First National Bank without first adjudicating the question of authority of the First National Bank to be the depository. The entire proceedings then became a controversy triable only in the term time of the court, and not in vacation, if the question of fact was presented of whether or not there was a legal compliance with the terms of the statute by the commissioners' court in entering the order and a jury trial thereon was demanded by the county treasurer. Presenting a question of fact, as it is believed the answer did, and demanding a trial before a jury on the fact, as the county treasurer did, the trial judge had but one

213 S.W.—22

legal alternative in a vacation proceeding, and that was to direct the entire proceedings to be filed and passed for determination to the regular term of the court. It was this failure to pass the case to the regular term of the court for trial that authorized jurisdiction in the appellate court, and upon no other ground may the power to compel trial be exercised. The fact that the funds were attempted to be transferred under the vacation order would not defeat the very power of this court to now adjudicate the application before us, for the real subject-matter of pending controversy is, legally speaking, the right of the county treasurer to have a trial before a jury at a regular term upon the contest of the validity of the order of the commissioners' court appointing a county depository for the two years required by the statute. The transfer or delivery of the funds would be regarded as done under protest for the sworn reply in this court of the treasurer is as follows:

"Fearing that if he did not attempt to comply with the order and decree of the respondent, pleaded in plaintiff's original petition filed herein, he would be in contempt, he gave his check payable to the First National Bank of Mt. Pleasant, Tex., drawn on the State National Bank for the funds in controversy. Immediately thereafter plaintiff instructed the State National Bank that if this honorable court should grant a restraining order on the plaintiff's petition, to immediately stop the payment of the draft that had been given to the said State National Bank as aforesaid. Plaintiff says that giving said check to the First National Bank of Mt. Pleasant was under duress and under fear that if it was not so given that plaintiff would be subject to be punished for contempt in violating and refusing to comply with respondent's judgment and order involved in this case, and that at that time plaintiff believed that respondent would imprison plaintiff in jail if he did not comply with said order."

The delivery or transfer of the funds is only an incident of the proceedings, and not the real legal ground of the controversy. The legal authority of the bank to be the depository is the controversy pending, and must be determined. For if the want of legal authority of the First National Bank to be the depository be shown to be existing, the want of legal authority of the county treasurer to surrender possession to such bank of the funds is also existing.