STATE NAT. BANK OF MT. PLEASANT
v. WARD, Judge. (No. 2155.)

(Court of Civil Appeals of Texas. Texarkana.
June 3, 1919. Rehearing Denied
June 12, 1919.)

MANDAMUS ⟨=⟩16(1)—MOOT CASE—COMPLI-
ANCE WITH ORDER—COUNTY FUNDS.

Original application for mandamus by S. Bank to vacate order of judge in vacation compelling transfer of county funds to M. Bank as legal depository will be dismissed as moot, where S. Bank honored check by county treasurer for the funds by giving draft therefor which was credited by M. Bank, though S. Bank afterwards attempted to rescind the transaction.

Levy, J., dissenting.

Original application for mandamus by the State National Bank of Mt. Pleasant against J. A. Ward, Judge of Seventy-Sixth Judicial District of Texas. Application dismissed.

T. C. Hutchings, of Mt. Pleasant, for relator.

J. M. Burford, of Mt. Pleasant, for respondent.

HODGES, J. This is a companion case to that of I. H. Hammonds v. J. A. Ward, Judge, 213 S. W. 334, this day decided by this court. The relator, the State National Bank, had heretofore been the custodian of the school funds of Titus county, and was directed by the Honorable J. A. Ward to deliver those funds to the First National Bank of Mt. Pleasant. The proceedings for procuring that order and the conditions under which it was made are in all material respects the same as those shown in the companion case above referred to.

The record before us shows that, just before this application was filed, the relator had transferred the school funds in its hands to the First National Bank by giving to that bank a draft on the Metals & Mechanics National Bank of New York; that the First National Bank accepted that draft and entered upon its books the proper credit in favor of the school funds of Titus county. The relator thereafter undertook to rescind the transaction by directing that its draft be not paid, and by giving notice of such directions to the First National Bank. While the First National Bank might have repudiated the draft as a payment after such notice, it was not compelled to do so. By drawing its draft, which was a negotiable instrument, the relator became liable thereon whether the draft was paid upon presentation in New York or not.

For the reasons stated in the case of Hammonds v. Ward, the application will be dismissed, at the relator's cost.

LEVY, J. (dissenting). I do not agree to the disposition of the above proceedings, for reasons stated in the similar proceeding of I. H. Hammonds, County Treasurer, v. J. A. Ward, Judge of the Seventy-Sixth Judicial District of Texas.