FLOOD v. CITY OF DALLAS et al.
(No. 8332.)

(Court of Civil Appeals of Texas. Dallas. Dec. 13, 1919.)

1. APPEAL AND ERROR ⬅=⇒19—MOOT QUESTION NOT REVIEWABLE.

Where, pending appeal from an order refusing to enjoin defendants from paying money and before the filing of the appeal bond, the money was paid, the appellate court cannot entertain the appeal.

2. APPEAL AND ERROR ⬅=⇒19—NO APPELLATE JURISDICTION WHERE ONLY QUESTION OF COSTS REMAINS.

Where the subject-matter of the litigation has ceased to exist, an appeal will not be entertained merely to determine a question of costs.

3. APPEAL AND ERROR ⬅=⇒1175(3)—CAUSE DISMISSED WHERE SUBJECT-MATTER CEASES TO EXIST.

Where, pending an appeal from an order refusing to enjoin payment of money, money was paid, the rule is to dismiss the case and not the appeal.

Appeal from District Court, Dallas County; Marshall Thomas, Special Judge.

Action by Ben J. Flood against the City of Dallas and others. From a judgment for defendants, plaintiff appeals. Cause dismissed.

Scott & Fagan, of Dallas, for appellant.

James J. Collins, W. S. Bramlett, and Edward P. Dougherty, all of Dallas, for appellees.

TALBOT, J. The appellant, Ben J. Flood, brought this suit against the appellees, the city of Dallas, the mayor, the commissioners, and auditor thereof, praying for a temporary injunction restraining appellees from paying over to the League of Texas Municipalities or its officers the sum of $921.04, under authority of the following resolution passed by the board of commissioners of said city on the 6th day of August, 1919:

"Be it resolved by the board of commissioners of the city of Dallas that there be and is hereby set aside and appropriated out of the unappropriated fund of the general fund to account of $1–G–8 the sum of $921.04, to be paid to the League of Texas Municipalities to be used in establishing a legal bureau by said league to make a study of the question of a public utilities commission."

Appellant averred in his petition, among other things not necessary to state in view of the disposition we shall make the case, that account $1–G–8 referred to in the resolution quoted is known as the special contingent fund of the board of commissioners; "that the said sum of money attempted to be appropriated to the League of Municipalities was not included in the estimate submitted by the Mayor to the board of commissioners in his annual budget as is required to be done by section 16, art. 111, of the City Charter of the City of Dallas," etc.; and that, under the provisions of said charter and the Constitution and laws of this state, the board of commissioners was without authority to appropriate and pay over to the League of Municipalities the sum of money mentioned. Appellant further alleged that unless enjoined appellees would pay over said sum to said league, and prayed that a temporary writ of injunction be issued restraining them from doing so. Upon the presentation of appellant's petition, the district judge ordered the same filed and directed that appellees be notified to appear on the 18th day of August, 1919, and show cause why the injunction prayed for should not be granted. The appellees appeared and pleaded general and special demurrers and specially to the merits. A hearing was only duly had on the 18th day of August, 1919, the appellee's general demurrer sustained, and, the appellant declining to amend, the writ of injunction was denied and his bill dismissed. On the 23d day of August, 1919, the appellant filed an appeal bond and caused a transcript of the proceedings had below to be filed in this court on the 27th day of August, 1919. The appellees now come and say, in effect, that after the writ of injunction prayed for was

---

⬅=⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

denied and before the filing of the appellant's appeal bond, to wit, on the 19th day of August, 1919, they paid over to the League of Municipalities the sum of money, the payment of which is sought to be enjoined, therefore the subject-matter in controversy has been fully disposed of and the questions involved are now academic and should not be determined by this court.

[1-3] The only relief asked was the issuance of the temporary injunction restraining the appellees from paying over to the League of Municipalities the money appropriated by the passage of the resolution referred to, and the assertion of appellees in this court that such payment was accomplished after the granting of such injunction had been denied and before the filing of the appeal bond, which was only a bond for costs, no supersedeas bond having been filed, appears in part by the record before us and by uncontradicted affidavits of some of the appellees. It is thus established without dispute that the subject-matter of the controversy between the parties to the suit has ceased to exist, and in such case the courts will not entertain the suit to determine the question of what the rights of the parties were. Courts are limited to determining rights which are actually controverted in the particular case before them and "are not empowered to decide abstract propositions, or to declare for the government of future cases principles of law which cannot affect the result as to the thing in issue." So it seems that, if the subject-matter of the controversy is taken away, the court would be without power to decide the case. Telegraph & Telephone Co. v. Galveston County, 59 S. W. 589; California v. San Pablo & T. Ry. Co., 149 U. S. 308, 13 Sup. Ct. 876, 37 L. Ed. 747. The case of Bolton v. City of San Antonio, 4 Tex. Civ. App. 174, 23 S. W. 279, is directly in point here. That was a case in which the court below had refused to enjoin the issuance of bonds by the city. There was an appeal from the judgment, but the city having in the meantime issued the bonds, and the fact having been made known to the appellate court, the case was dismissed, and Lacoste v. Duffy, 49 Tex. 767, 30 Am. Rep. 122, cited in support of such action. The fact that a question of costs is involved does not change or affect the rule. For it has been uniformly held that where the subject-matter of the litigation has ceased to exist the appeal would not be entertained merely to determine the question of costs. Watkins v. Huff, 94 Tex. 631, 64 S. W. 682; McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720; Telegraph & Telephone Co. v. Galveston County, 59 S. W. 589; Old River Rice Irr. Co. v. Stubbs, 63 Tex. Civ. App. 350, 133 S. W. 494; Ansley et al. v. State, 175 S. W. 470; Bolton v. City of San Antonio, 4 Tex. Civ. App. 174, 23 S. W. 279.

The subject-matter of the controversy in this suit having ceased to exist, a decision of the questions involved would be useless, for if the case should be reversed the court below could not render an effective judgment. In such cases the rule is to dismiss the case and not the appeal. It is therefore ordered that this cause be dismissed.