## BEN C. JONES & CO. v. PHILQUIST.*
(No. 6655.)

(Court of Civil Appeals of Texas. Austin. Jan. 24, 1923. Rehearing Denied Feb. 28, 1923.)

1. Appeal and error ⟜781(7)—Injunction ⟜22—Suit to enjoin collection of costs moot where costs have been paid.

Where costs of litigation, an execution for the payment of which is sought to be enjoined, are shown to have been paid before the filing of the original petition for injunction, or before the prosecution or hearing of an appeal thereon, the case becomes moot.

2. Costs ⟜272—Remedy to recover costs paid under protest held to be by suit, and not by injunction.

Where costs have been paid to the clerk of the district court under protest, to keep the clerk from issuing execution to collect such costs, the remedy of the party paying them is not by injunction, but by suit to recover the costs as paid under protest.

3. Appeal and error ⟜781(2)—Appeal on moot question will be dismissed notwithstanding attack therein on void judgment.

Where an appeal from an order refusing an injunction presents a moot question, the appeal will be dismissed, notwithstanding a claim that an attack upon a void judgment theretofore rendered against appellant is made therein.

Appeal from District Court, Travis County; Cooper Sansom, Judge.

Suit by Ben C. Jones & Co. for an injunction against S. A. Philquist, to prevent the collection of certain costs. From an order refusing a temporary injunction, petitioner appeals. Motion to dismiss sustained.

Ben C. Jones & Co., in pro. per.

Ike D. White and Hart & Patterson, all of Austin, for appellees.

BLAIR, J. This proceeding is an appeal from an order of the district court of Travis county refusing a temporary injunction which sought to enjoin the district clerk of Travis county, Tex., for collecting of and from appellant certain costs in the case of Ben C. Jones & Co. v. State Printing Company, its number being 30771, in the district court of Travis county, Tex., alleging that same were paid under protest and to keep appellee from issuing execution against appellant's property. We find that said costs were paid by appellant on July 10, 1922, and that the same were paid before the appeal was perfected, if not before the original petition for the injunction was filed.

[1] Appellee Philquist seeks to have the appeal dismissed on the ground that, the costs having been paid, the case submitted to this court is moot, and nothing left for this court to determine. We are of the opinion that, where costs of litigation, an execution for

the payment of which is sought to be enjoined, are shown to have been paid before the filing of the original petition for injunction, or before the perfection or hearing of an appeal thereon, there is nothing for this court to determine, the case being moot. Whitesides v. Wood (Tex. Civ. App.) 210 S. W. 338; Bowen v. El Paso Valley Water Users' Ass'n (Tex. Civ. App.) 204 S. W. 441; Electric Park Co. v. San Antonio Baseball Ass'n (Tex. Civ. App.) 155 S. W. 1189; Rogers v. Ivy (Tex. Civ. App.) 191 S. W. 728; Flood v. City of Dallas (Tex. Civ. App.) 217 S. W. 194; Stamper v. Alice State Bank & Trust Co. (Tex. Civ. App.) 198 S. W. 604; Padgitt v. Young County, 111 Tex. 98, 229 S. W. 459; Thaxton v. Terrell, 99 Tex. 562, 91 S. W. 559; Hammonds v. Ward (Tex. Civ. App.) 213 S. W. 334; Int. Contracting Co. v. Lamont, 155 U. S. 303, 15 Sup. Ct. 97, 39 L. Ed. 160; Singer Mfg. Co. v. Wright, 141 U. S. 696, 12 Sup. Ct. 103, 35 L. Ed. 906.

[2] Appellant seems unable to determine or elect his proper remedy in this case, if he is entitled to any. If he has any remedy, it should have been a suit to recover the costs which he alleges to have been paid under protest, and not by an injunction seeking to enjoin a threatened execution for costs after the same had been paid.

[3] Appellant further contends that the appeal should not be dismissed because of an alleged attack sought to be made by it in this injunction proceeding against a void judgment heretofore rendered against it by this and the Supreme Court of this state. The contention is without merit. Since there is no foundation, in law or equity, for this suit, it certainly could not be the basis of a suit to collaterally attack an alleged void judgment.

We are of the opinion that there is no merit to this suit, and the motion to dismiss is sustained.