CHARLOTTE D. ELLIS V. SOVEREIGN CAMP, WOODMEN
OF THE WORLD.

No. 5128.   Decided February 15, 1929.
(13 S. W., 2d Series, 666.)

*E. B. Ward* and *S. Eldon Dyer,* for plaintiff in error.

*Henry & Bickett* and *L. M. Bickett,* for defendants in error.

MR. JUSTICE SEARCY delivered the opinion of the court.

Sometime during the year 1908 Hiram Lee Ellis became a member of the Sovereign Camp of the Woodmen of the World in its local camp in Corpus Christi, Texas. About the same time there was issued to him by the Woodmen of the World a policy or certificate of insurance on his life in the sum of $3,000.00, in which Charlotte D. Ellis, his mother, plaintiff in error, was named as beneficiary.

Sometime during the year 1924 Hiram Lee Ellis made application in writing to the Woodmen of the World, through its duly qualified officers, for a change of beneficiary in the said insurance certificate, the requested change was to divide the insurance and to make Aletta Ellis, the wife of Hiram Lee Ellis, and Charlotte D. Ellis, the mother of Hiram Lee Ellis, joint beneficiaries under the certificate of insurance, giving each of them the sum of $1,500.00 upon the death of Hiram Lee Ellis.

The change of beneficiary was duly made by the Woodmen of the World and it became effective. As a result of the change in the policy, the Woodmen of the World promised, agreed and became liable to pay Aletta Ellis, wife of Hiram Lee Ellis, and his mother, Charlotte D. Ellis, each the sum of $1,500.00 on the death of Hiram Lee Ellis.

On or about March 10, 1926, the Woodmen of the World issued to Hiram Lee Ellis a new beneficiary certificate in substitution of

the former certificate in which Charlotte D. Ellis is named as sole beneficiary. Hiram Lee Ellis died on June 19, 1926.

On August 24, 1926, Aletta Ellis filed suit in the District Court of Kerr County against the Sovereign Camp of the Woodmen of the World and Charlotte D. Ellis, seeking to recover on the certificate of insurance in which she and Charlotte D. Ellis were named as beneficiaries for the sum of $1,500.00 each, alleging that at the time the request was made by Hiram Lee Ellis for a change of the certificate of insurance to his mother as sole beneficiary that he was insane and was not mentally capable of making said change of beneficiary. That the change so made was void and of no effect and that it did not supersede the certificate of insurance made jointly to Aletta Ellis and Charlotte D. Ellis.

The Woodmen of the World having been duly served with process in the case deposited the net amount due on said certificate of insurance, to wit, $2,973.69, in the registry of the District Court of Kerr County to be paid the party or parties the court should adjudge to be entitled thereto. There was no controversy as to one half of this amount, $1,476.89, and that it was paid to Charlotte D. Ellis.

On September 2, 1926, Charlotte D. Ellis filed suit in the District Court of Nueces County against the Sovereign Camp of the Woodmen of the World on the last certificate of insurance for $3,000.00, in which she is named as sole beneficiary. The Woodmen of the World filed a plea in abatement to this suit, setting up the pendency of the suit in the District Court of Kerr County. The plea in abatement was sustained. From the judgment of the District Court of Nueces County sustaining the plea in abatement, Charlotte D. Ellis appealed to the court of Civil Appeals sitting in San Antonio. The Court of Civil Appeals on motion of appellee, struck out the briefs of the appellant and dismissed the appeal. From the judgment of the Court of Civil Appeals, in striking out appellants briefs and in dismissing the appeal, Charlotte D. Ellis sued out a writ of error to the Supreme Court which was granted.

It has been made known to this court that on August 6, 1928 (since the appeal in the case was perfected) Charlotte D. Ellis and Aletta Ellis (now Peterson) compromised and settled the matter in controversy by dividing the amount in controversy equally between them after the payment of costs. The sum of $642.50 was paid each of the parties, and an agreed judgment entered in the case pending in the District Court of Kerr County, fully disposing

of the same. The judgment in so far as the Woodmen of the World is concerned is as follows:

"It is therefore considered, ordered, adjudged and decreed that the defendant, Sovereign Camp of the Woodmen of the World, be and it is hereby released and discharged from any and all liability whatsoever to the said Aletta Ellis Peterson and Charlotte D. Ellis under and by virtue of each and all of said beneficiary certificates above described."

This judgment finally disposes of the matter in controversy. The question has become moot. S. W. Telephone Co. v. Galveston County, 59 S. W., 589; Electric Park Co. v. San Antonio Baseball Assn., 155 S. W., 1189; Whitesides v. Wood, 210 S. W., 333; Jackson v. Daugherty, 26 S. W., 1116; Lacoste v. Duffy, 49 Texas, 767, 3 Am., 122; Ford v. American Rio Grande Land & Irrigation Co., 285 S. W., 814; Richmond v. Hog Creek Oil Co., 239 S. W., 904.

The parties having by agreement settled the matter in controversy the writ of error should be dismissed and it is so ordered.