### ANDERSON et al. v. CITY OF SAN ANTONIO.
### No. 2420.

Court of Civil Appeals of Texas. El Paso.
March 20, 1930.

P. C. Sanders, of San Antonio, for appellants.

T. D. Cobbs, Jr., City Atty., and C. K. Quin, Asst. City Atty., both of San Antonio, for appellee.

HIGGINS, J.

Appellants brought this suit to enjoin temporarily, and upon final hearing to perpetually enjoin, the mayor and commissioners of the city of San Antonio "from passing, signing, promulgating and putting into effect" an ordinance extending the limits of the city so as to embrace land owned by the plaintiffs. The petition was presented to Hon. Robert W. B. Terrell, judge of the Seventy-Third district court, on September 30, 1929, who directed the issuance of notice to defendants to appear October 2, 1929, and show cause why the temporary writ should not be granted. Upon hearing had that date, a general demurrer to the petition was sustained and leave granted the plaintiffs to amend. Upon a later date they declined to amend, and the suit was dismissed. The petition upon its face discloses the ordinance was to be adopted on the date the petition was presented to Judge Terrell.

Upon the submission of the appeal, counsel for appellants in oral argument admitted the ordinance in question had been finally enacted and adopted by the city commission, and had been so adopted prior to the hearing upon the demurrer.

Preventive injunctions necessarily operate upon unperformed and unexecuted acts. 32 C. J. 21, § 4; Norwood v. Leeves (Tex. Civ. App.) 115 S. W. 53.

"If the injury be already committed, the writ can have no operation to correct it." 1 High on Injunctions (3d Ed.) § 1.

It appearing that the act is now done which appellants sought to prevent, the suit is now but a moot case. Brown v. Fleming (Tex. Com. App.) 212 S. W. 483; Flood v. City of Dallas (Tex. Civ. App.) 217 S. W. 194; Ben C. Jones & Co. v. Philquist (Tex. Civ. App.) 249 S. W. 516; Whitesides v. Wood (Tex. Civ. App.) 210 S. W. 333; Langham v. City of Beaumont (Tex. Civ. App.) 152 S. W. 869.

In cases where the questions presented have become moot, the appeal is ordinarily dismissed, but, in the present case, we think the proper order to be here entered is to modify the order of the trial court by providing that its order of dismissal is without prejudice, and, as thus modified, affirm the judgment. Otherwise the judgment might operate as res judicata in a subsequent action by appellants involving the validity of the annexation. We are not to be understood as intimating a doubt as to the validity of the ordinance annexing the territory embracing plaintiff's lands, nor as intimating that an action may be maintained by the plaintiffs questioning the validity of the annexation.

We express no opinion whatever as to the merits of the controversy.

The costs of appeal are taxed against appellants.

Modified as indicated, and affirmed.