FORD et al. v. AMERICAN RIO GRANDE LAND & IRRIGATION CO. et al.
(No. 611—4179.)

(Commission of Appeals of Texas, Section B. June 23, 1926.)

**Appeal and error ☞781(6).**

Writ of error to review dissolution of temporary injunction will be dismissed, where settlement out of court has rendered case moot.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by J. T. Ford and another against the American Rio Grande Land & Irrigation Company and others, in which a temporary injunction was granted. To review the judgment of the Court of Civil Appeals dissolving the injunction (260 S. W. 277), plaintiffs bring error. Writ dismissed.

A. W. Cameron, of Edinburg, and Don A. Bliss, of San Antonio, for plaintiffs in error. Gause & Kirkpatrick, of Mercedes, and D. W. Glasscock, of McAllen, for defendants in error.

---

POWELL, P. J. J. T. and D. T. Ford purchased some 40 acres of land in Hidalgo county, Tex., from defendants in error, at $500 per acre. Alleging fraud in such sale, the purchasers sued for damages and a cancellation of the notes they gave in part payment of the land.

During the pendency of that suit, the defendant company proceeded, under the terms of its deed of trust securing such purchase-money notes, to advertise the land for sale. Shortly before the date set for the sale, the Fords filed in court a motion asking that the sale be stopped and the officers of defendant company held in contempt for trying to place the property beyond the jurisdiction of the court.

Upon a hearing of said motion, the district court enjoined the sale of the land under the deed of trust until the main suit should be decided on its merits. The court assessed the costs of the motion against the company.

From the order granting the temporary writ of injunction, the defendant company appealed. Upon such appeal, the Court of Civil Appeals reversed the judgment of the district court and dissolved the injunction. See 260 S. W. 277.

The Fords then applied to the Supreme Court for a writ of error, praying that the temporary injunction be reinstated by an affirmance of the judgment of the district court. The writ was granted, and the cause referred to us. Upon due notice to counsel in the case, we set the same for submission on February 12, 1926. Upon that day, when the case was called, no one appeared. A few hours thereafter we had a telegram from the attorneys for defendants in error to the effect that the case was settled. Thereupon we wrote the attorney for plaintiffs in error and asked him to advise us the status of the matter. We quote from his reply as follows:

"I have just received your letter of the 12th, and thank you therefor. All matters in controversy between the parties were settled amicably a considerable time after the matters were pending in the Supreme Court. My clients paid to the defendants really a much larger sum of money than the defendants were entitled to as I believed, but they did so to get rid of the controversy and be at peace."

In other words, the Fords paid a certain sum of money and took the land free of all claims by those from whom they had purchased it. Since the subject-matter of the main suit is settled, it is manifest that it is now utterly immaterial whether the trial court or Court of Civil Appeals correctly decided the temporary injunction issue. At any rate, plaintiffs in error do not now need the restraining order prayed for in the application. Defendants in error are making no claim to the land and no attempt to sell it under the deed of trust or otherwise.

Where a case has become moot, the proper practice is to dismiss the writ of error. See Richmond v. Hog Creek Oil Co. (Tex. Com. App.) 239 S. W. 904, and authorities there cited.

For the reasons stated, we recommend that the writ of error herein be dismissed.

CURETON, C. J. Writ of error dismissed, as recommended by the Commission of Appeals.