## JEFFERSON COUNTY DRAINAGE DIST. NO. 6 v. SOUTHWELL et al. (No. 1641.)

Court of Civil Appeals of Texas. Beaumont. Jan. 25, 1928.

Rehearing Denied Feb. 1, 1928.

Appeal and error ☞781(4)—Appeal from order denying injunction against construction of dam, since completed, must be dismissed as presenting moot question.

Where defendants completed dam after denial of temporary injunction against construction thereof, appellate court must dismiss appeal from such order as presenting moot question.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by the Jefferson County Drainage District No. 6 against W. D. Southwell and others. From an order refusing to grant a temporary injunction, plaintiff appeals. Appeal dismissed.

Todd, Pipkin & Moore, of Beaumont, for appellant.

Charles T. Butler and W. D. Gordon, both of Beaumont, for appellees.

HIGHTOWER, C. J. This is an appeal from an order of the district judge of the Sixtieth judicial district, refusing to grant a temporary injunction enjoining the appel-

lees, W. D. Gordon and his wife, Mrs. W. D. Gordon, and W. D. Southwell, from constructing a dam across the channel of Hillebrandt's bayou at a certain point north of the city of Beaumont. Appellant's petition is quite lengthy and alleges many grounds for the injunctive relief sought. The petition was presented to Hon. J. D. Campbell, district judge, in chambers, on November 7, 1927, and on the same day a hearing was had on the petition, and on the following day, November 8, 1927, the district judge entered an order refusing to grant the temporary injunction. No answer was filed by appellees, and the petition for the injunction was duly verified, but the district judge heard evidence, pro and con, touching the question as to whether he should grant the temporary injunction, and after hearing such evidence the order refusing the temporary injunction was made. On the following day appellant perfected its appeal to this court, and the matter is before us, and the only question involved is as to whether the district judge was in error in refusing to grant the temporary injunction.

Stated very briefly, appellant's contention was that if appellees were permitted to construct a dam across the channel of Hillebrandt's bayou at the point named in appellant's petition, it would materially interfere with and largely destroy the bayou for drainage purposes, and that appellant, through its commissioners, had complete lawful supervision of the bayou at the point at which the dam was being constructed by appellees as a drain in carrying out the purposes and duties of the drainage district under the laws pertaining to drainage of this state.

Upon submission of the case before this court, it was admitted by counsel for both sides that since the action of the district judge in denying the temporary injunction, appellees had completed the dam across Hillebrandt's bayou that was sought to be temporarily enjoined by appellant.

Appellant advances in this court a number of legal propositions, by which they contend that the action of Judge Campbell in refusing the temporary injunction was erroneous, and that his order should be reversed, and that we should remand this case, with instructions to grant the temporary injunction. Since it is made to appear that the only thing sought to be prevented by the temporary writ of injunction has been done and accomplished since this appeal was prosecuted, this court could make no order that could give the relief which appellant sought by its prayer for temporary injunction. The question before this court has become moot, and under the practice adopted by our appellate courts, the only thing this court can do in this appeal is to dismiss it.

It is not necessary, nor would it be proper in the circumstances, for this court to discuss any of the legal questions that are raised by both sides in this appeal. Some of them are very nice and perhaps difficult legal questions, and if they arise upon appeal from a final judgment of the trial court in this case, then this court will, of course, dispose of them. The only relief prayed for by appellant in its petition for injunction was that a temporary writ be granted restraining appellees from the construction of the dam across Hillebrandt's bayou, which it was alleged appellees had then commenced, and that upon final hearing the temporary injunction be made final. The case is still pending in the trial court upon its merits, and under the practice of this state no question touching the merits of the case is before this court, and we refrain from any discussion of any legal question involved. The question as to whether the trial court was in error in refusing to grant the temporary injunction having become moot, it is the duty of this court to dismiss this appeal. Electric Park Co. v. San Antonio Baseball Association (Tex. Civ. App.) 155 S. W. 1189, and authorities there cited; Whitesides v. Woods (Tex. Civ. App.) 210 S. W. 333, and authorities there cited. There are other authorities cited by appellees in this case which sustain our conclusion that this appeal should be dismissed because the only question involved has become moot.

Appeal dismissed.