CITY OF WEST UNIVERSITY PLACE V. J. HENRY MARTIN ET AL.

No. 7402. Decided January 18, 1939.
Rehearing overruled February 1, 1939.
(123 S. W., 2d Series, 638.)

*Robt. L. Sonfield,* of Houston, for plaintiff in error.

*W. P. Hamblen* and *W. P. Hamblen, Jr.,* both of Houston, for defendant in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

Elmer C. Johnson, owner of a building lot within a zoning

district of the City of West University Place, and J. Henry Martin, his contractor, applied to the proper authorities of the City of West University Place for a building permit to construct a frame or wooden residence. The city refused such permit, because the zoning ordinance called for the construction of a brick veneer or stucco house. Martin and Johnson filed suit in the district court, seeking a writ of mandamus to compel the city to issue such permit to authorize the construction of the house in accordance with the plans and specifications presented to the city, and for a temporary writ of injunction restraining the city from interfering with the building of the house during the period of construction. The district court granted the writ of mandamus, and also the temporary restraining order, as prayed for. The city appealed to the Court of Civil Appeals, and the judgment of the trial court was affirmed. 113 S. W. (2d) 295.

The suit involved the validity of certain parts of the zoning ordinances adopted by the city, which are considered and discussed in the opinion of the Court of Civil Appeals. As we view the facts embraced in this record, it is unnecessary to discuss the validity of the ordinances, and upon that question we express no opinion.

■ After the district court granted the writ of mandamus, compelling the officers to grant the building permit, and temporarily restraining the officers from interfering with the construction of the building, the city appealed to the Court of Civil Appeals. No bond being required of the city, it was not necessary for it to file a supersedeas bond in order to suspend the order of the district court. Article 1174; City of Athens v. Evans (Com. App.), 63 S. W. (2d) 379; City of Wink v. R. B George Machinery Co., 122 Texas 613, 63 S. W. (2d) 849; 3 Tex. Jur., p. 379, sec. 270.

■ Notwithstanding the appeal by the city from the judgment of the district court, which suspended that judgment, the city issued a permit to Johnson for the construction of his residence. It is furthermore made to appear here that the house was completed on or about December 1, 1937, and that Johnson moved into the house on or about December 4, 1937 and has continuously occupied same since then as his home. It is further shown that the only relief prayed for by the city was the denial of the writ of mandamus and the temporary writ of injunction. Johnson has completed the building, and is now occupying the same, and there remains no actual controversy on the merits which this Court can properly decide.

The case has become moot because the permit, the issuance of which constituted the sole relief sought by Johnson, has been issued by the city, and the building to which it related has been completed and is now occupied by him.

The Supreme Court of the United States, in the case of Brownlow et al., Commissioners of the District of Columbia, et al., v. Schwartz, 261 U. S. 216, in discussing the attitude of courts toward a moot question, said: "This Court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject matter on which it could operate. An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause which no longer exists is a proceeding which this Court uniformly has declined to entertain. See Mills v. Green, 159 U. S. 651; Codlin v. Kohlhausen, 181 U. S. 151; Little v. Bowers, 134 U. S. 547, 556; Singer Manufacturing Co. v. Wright, 141 U. S. 696, 699; American Book Co. v. Kansas, 193 U. S. 49; United States v. Hamburg-American Co., 239 U. S. 466, 475; Berry v. Davis, 242 U. S. 468, 470; Board of Public Utility Commissioners v. Compania General de Tabacos de Filipinas, 249 U. S. 425; Commercial Cable Co. v. Burleson, 250 U. S. 360; Heitmuller v. Stokes, 256 U. S. 359."

The rule is generally accepted that appellate courts do not decide cases where no actual controversy exists between the parties at the time of the hearing. See 4 C. J. S., Sec. 1354, and cases cited. For the attitude of the courts of this State upon a question that is moot, we cite the following authorities: Taylor v. Nealon et al., 120 S. W. (2d) 586; McWhorter v. Northcut 94 Texas 86, 58 S. W. 720; Noland v. Maxey, 119 Texas 463, 32 S. W. (2d) 822; Ford v. American Rio Grande Land & Irr. Co., 285 S. W. 814 (Com. App.) ; Jefferson County Drainage District v. Southwell, 2 S. W. (2d) 359; Niggli v. Speegle, 279 S. W. 874; Dallas Joint Stock Land Bank v. Dallas County Levee Improvement District, 263 S. W. 1103; Wichita Falls Electric Co. v. Huey, 246 S. W. 692; Flood v. City of Dallas, 217 S. W. 194.

The appeal suspended the orders of the trial court, and after such appeal the permit was issued. The reason or motive governing the issuance of the permit becomes immaterial. Nor does the issuance of the permit by the officers, in response to the judgment of the trial court, prevent the question from being moot. Again we quote from the case of Brownlow et al.;

Commissioners of the District of Columbia, et al., v. Schwartz, supra, as follows: "The motive of the officer, so far as this question is concerned, is quite immaterial. We are interested only in the indisputable fact that his action, however induced, has left nothing to litigate."

Since the question presented here is moot, and there remains nothing for this Court to decide, the cause will be dismissed.

Opinion delivered January 18, 1939.

Rehearing overruled February 1, 1939.