## TRAVIS COUNTY et al. v. MATTHEWS.

### No. 9796.

Court of Civil Appeals of Texas. Austin.

May 11, 1949.

Perry L. Jones, County Attorney, of Austin, for appellant.

Ralph W. Yarborough and William A. Brown, of Austin, for appellee.

HUGHES, Justice.

This suit, in the nature of a mandamus proceeding, was instituted by appellee, George S. Matthews, former County Judge of Travis County, against Travis County, the members of its Commissioners Court and the County Auditor, to compel payment of compensation alleged to be due him for services rendered as a member of the Juvenile Board of Travis County.

Appellants admitted the truth of the facts contained in the following paragraph of appellee's petition:

"Plaintiff has been at all times since July 31, 1941, the duly elected, qualified and acting County Judge of Travis County, Texas, and as such has been at all such times a member of the Juvenile Board of Travis County, Texas, and since July 31, 1941, has faithfully and fully performed all the duties placed upon him by law as a member of the Juvenile Board of Travis County, Texas. Plaintiff has not been paid for any of such services as a member of the Travis County Juvenile Board for any part of such period of time, though the laws of Texas, by Chapter 345, Laws 47th Legislature, Regular Session, 1941, clearly provided that he shall be paid Fifteen Hundred ($1500.00) Dollars per year for all such services, since Travis County had a population of more than 105,000 and less than 125,000 people by the 1940 Federal Census."

Trial was without a jury and resulted in a judgment for appellee for the full amount claimed. This judgment was signed and entered on December 11, 1948, and notice of appeal was duly given by appellants on such date.

By supplemental transcript it is shown that appellee has placed the following endorsement on the judgment: "12–29–48, on this the 29th day of December, 1948, payment of the above judgment was received and accepted in full satisfaction thereof, and for which I hereunto set my hand in receipt thereof. (Signed) Geo. S. Matthews."

Appellee has filed a motion to dismiss this appeal on the ground that the case is moot. Attached to his motion is an affidavit of appellee and other documents which conclusively show that Travis County, acting through its Commissioners Court, voluntarily paid the judgment appealed from in full on December 29, 1948. Appellants do not deny this.

Appellants complain that the transcript contains matters other than a true copy of the proceedings in the trial court, Rule 376, T.R.C.P. We have considered only such extraneous matters as may be in the transcript which show that Travis County has voluntarily paid the judgment from which this appeal was taken. This we have authority to do. 3 Tex.Jur., p. 70 and p. 966.

In resisting the motion to dismiss the appeal appellants do not deny the general rule that questions involved in an appeal become moot where the judgment on review has been voluntarily satisfied or complied with by the complaining party. 3 Tex.Jur., p. 73. Appellants do urge, however, that where the questions are of important public interest and of a recurrent nature that we have a discretion which we may, and in this instance should, exercise by denying the motion and determining the issues raised.

In support of this view appellants cite the following Texas authorities: Texas Liquor Control Board v. Warfield, Tex. Civ.App., Waco, 110 S.W.2d 646; Isbell v. Brown, Tex.Civ.App., San Antonio, 196 S.W.2d 691; Railroad Commission v. Houston Natural Gas Corp., Tex.Civ.App., Austin, 186 S.W.2d 117, Writ Ref. W.O. M.; Arkansas Fuel Oil Co. v. Reprimo Oil Co., Tex.Civ.App., Amarillo 91 S.W.2d 381, Writ Dis.; and Humble Oil & Refining Co. v. Railroad Commission, Tex. Civ.App., Austin, 68 S.W.2d 622, affirmed Brown v. Humble Oil & Refining Co., 126 Tex. 296, 83 S.W.2d 935, 99 A.L.R. 1107. We do not agree that these cases so hold.

The facts in the Warfield case need not be stated because the court there held the case not moot since " * * * the actual controversy between the parties has not ceased to exist * * *."

In Isbell v. Brown, supra, it was held that an appeal involving the validity of the revocation of a real estate broker's license for the year 1945 was not moot in July 1946, because the judgment would affect the dealer's subsequent application for a license.

The Houston Natural Gas Corporation case, supra, was a proceeding for a declaratory judgment and is obviously not in point.

In the Arkansas Fuel Oil Company case, supra, it was held that the question of the validity of a permit to drill an oil well was not rendered moot by the drilling of the well because the [91 S.W.2d 384] "right to operate the well is still a live and not a dead legal issue." A similar holding was made in the Humble case, supra.

Many cases could be cited to the effect that courts will not decide cases when no actual controversy exists between the parties at the time of the hearing, but the question has been so recently and thoroughly determined by the Supreme Court in City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638, 639, that we believe the citation or discussion of other authorities to be superfluous.

In that case plaintiff sought a permit from the city to construct a frame residence. The permit was denied on the ground that zoning ordinances required the material used to be brick or stucco. Suit was filed and judgment rendered by the trial court requiring the city to issue the permit. The city appealed and this had the effect of suspending the judgment. Not-

 

withstanding this the city issued a permit to plaintiff for the construction of a frame residence and by the time the case reached the Supreme Court the house had been built.

The court dismissed the case on the ground that it had become moot, and we quote from its decision:

"The rule is generally accepted that appellate courts do not decide cases where no actual controversy exists between the parties at the time of the hearing. See 4 C.J.S., Appeal and Error, § 1354, and cases cited. For the attitude of the courts of this State upon a question that is moot, we cite the following authorities: Taylor v. Nealon et al., 132 Tex. 60, 120 S.W.2d 586; McWhorter v. Northcut, 94 Tex. 86, 58 S.W. 720; Noland v. Maxey, 119 Tex. 462, 463, 32 S.W.2d 822; Ford. v. American Rio Grande Land & Irr. Co., Tex.Com.App., 285 S.W. 814; Jefferson County Drainage District v. Southwell, Tex.Civ.App., 2 S. W.2d 359; Niggli v. Speegle, Tex.Civ. App., 279 S.W. 874; Dallas Joint Stock Land Bank v. Dallas County Levee Improvement District, Tex.Civ.App., 263 S. W. 1103; Wichita Falls Electric Co. v. Huey, Tex.Civ.App., 246 S.W. 692; Flood v. City of Dallas, Tex.Civ.App., 217 S.W. 194.

"The appeal suspended the orders of the trial court, and after such appeal the permit was issued. The reason or motive governing the issuance of the permit becomes immaterial. Nor does the issuance of the permit by the officers, in response to the judgment of the trial court, prevent the question from being moot. Again we quote from the case of Brownlow et al., Commissioners of the District of Columbia et al. v. Schwartz, supra [261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620], as follows: 'The motive of the officer, so far as this question is concerned, is quite immaterial. We are interested only in the indisputable fact that his action, however induced, has left nothing to litigate.' "

The above quoted language is peculiarly appropriate to the facts of this case and the holding there made leads to no other conclusion by us but that this case is moot.

It is therefore ordered that the judgment of the trial court be reversed and set aside and this cause is dismissed without prejudice to the rights of any party hereto. Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863.

Reversed and cause dismissed.