**CITIZENS STATE BANK, Appellant,**

v.

**Robert E. STEWART, Commissioner of Banking, Appellee.**

**No. 15705.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 19, 1977.

Rehearing Denied Feb. 9, 1977.

Arthur Mitchell, Mitchell, George & Belt, Austin, for appellant.

John L. Hill, Atty. Gen. of Tex., Thomas M. Pollan, David W. Pace, Asst. Attys. Gen., Austin, for appellee.

BARROW, Chief Judge.

Appellant, a state bank located in Carrizo Springs, has appealed from the denial of its petition for a temporary injunction to enjoin appellee from closing the bank and liquidating its assets pursuant to the authority of Art. 342–803.[1] Appellant sought to prevent liquidation of the assets before final determination of whether the bank is in fact insolvent.

We must consider at the outset the Commissioner's motion to dismiss the appeal on the ground that it is moot because the Commissioner no longer has the assets under his control. The assets were tendered to, and accepted by, the Federal Deposit Insurance Corporation (FDIC) pursuant to Art. 489b, § 7. An uncontradicted affidavit filed in support of the motion to dismiss establishes that as of October 18, 1976, over 90 percent of the gross deposit liabilities of appellant were settled and over 36 percent of the assets were liquidated by the FDIC. This proposition has given us much concern in that the record demonstrates that appellant and its counsel have vigorously undertaken from the outset to prevent the liquidation of its assets.

On Saturday, June 26, 1976, the directors of appellant were advised by the Commissioner that he had concluded that Bank was insolvent. This conclusion was largely based upon the Commissioner's classification of $2,787,000.00 of Bank's loans as a loss. Also, the sum of $1,125,400.00 in loans were classified as doubtful, which resulted in a charge-off of $562,700.00. In addition, there was an unexplained shortage of $515,-000.00 on the books of appellant. The Commissioner's conclusion should not have come as a complete surprise to appellant's directors in that several of the State bank examiners, as well as examiners from the FDIC, had been working on Bank's records for about two weeks. Furthermore, an examination as of October 24, 1975, had pointed out deficiencies in appellant's loan procedures and had resulted in a charge-off of the sum of $397,559.47 in questionable loans.

On Monday morning, June 28, the Commissioner was in Carrizo Springs to close appellant. The attorney for Bank was in Laredo at the same time and he secured from the district judge who presides over Dimmitt County, a temporary restraining order, without notice, which restrained and enjoined the Commissioner from interfering with the lawful operation of the bank. The temporary order specifically restrained the Commissioner from closing or undertaking to liquidate appellant pending a hearing on the merits. The bank had already been closed by the Commissioner before the attorney reached Carrizo Springs and read the temporary restraining order to the Commissioner. The bank was reopened

---

1. The statutory references are to Tex.Rev.Civ. Stat.Ann. (1973). Art. 342–803 provides in part:

"Whenever the Commissioner, through examination, finds that the interests of depositors and creditors of a state bank are seriously jeopardized through its insolvency or imminent insolvency and that it is to the best interest of such depositors and creditors that the bank be closed, and its assets liquidated, he may close and liquidate the bank, unless its board of directors close the bank and place it in his hands for liquidation."

about 11:00 a. m. pursuant to this order and stayed open the remainder of that day. However, late that afternoon a hearing was held in Laredo at the request of the Commissioner, and the temporary restraining order was modified to the extent that while the Commissioner was permitted to close the bank, he was enjoined from disposing of the assets pending a hearing which was set for July 7.

A hearing was held on July 7 on appellant's petition for a temporary injunction.[2] At the conclusion of a full hearing, the trial court dissolved the temporary restraining order and denied appellant's petition for a temporary injunction. Following this ruling, the Commissioner tendered, and the FDIC accepted, appointment as receiver and liquidator of appellant's assets. The order denying appellant's petition for a temporary injunction was signed on July 13, and shortly thereafter, appellant sought to file an original proceeding in our Court to enjoin the Commissioner from disposing of the assets pending on appeal. Leave was denied after it was established that the assets were no longer in the possession of the Commissioner. No motion to advance was filed and the appeal from the denial of the temporary injunction was submitted to our Court on January 5, 1977.

We adhere to our prior decision that the appeal is moot because the Commissioner cannot be enjoined from disposing of assets which are not in his possession. The FDIC has been in exclusive possession of the assets since July 8 and has liquidated a substantial part of them. This procedure was known to appellant at the time of the hearing, and a substantial part of the argument before the trial court related to whether the Commissioner should be permitted to turn the assets over to the FDIC.[3] Nevertheless, appellant did not join FDIC as a party nor seek to stay the court's order pending the appeal.

The Texas Banking Code provides for the appointment by the Commissioner of the FDIC as receiver. The statute provides that upon the acceptance of the appointment by the FDIC ". . . the possession of and title to all the assets, business and property of such banking institution of every kind and nature shall pass to and vest in said Corporation and without the execution of any instruments of conveyance, assignment, transfer or endorsement." Art. 489b, § 7. It is pointed out by one writer that pursuant to these provisions, the FDIC has acted as receiver for all state banks closed in Texas in recent years. Skillern, *Closing and Liquidation of Banks in Texas*, 26 Sw.L.J., 830, 833 (1972).

The only issue before us at this time is whether the trial court abused its discretion in not restraining the Commissioner from turning over the assets to the FDIC. This has already been accomplished. Since we could not restrain the Commissioner from doing an act which he has already completed, the appeal is moot. *City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638 (1939).

The appeal is dismissed.

---

2. Art. 342–805 gives a state bank closed by the Commissioner the right to bring suit within five days to restrain the Commissioner from liquidating such bank. The trial court is authorized to restrain the Commissioner from liquidating the assets pending final disposition of the suit on the merits. The court is directed to hear the suit as soon as possible, which would indicate that the suit should be heard on a petition for permanent injunction rather than for a temporary injunction.

3. The attorney for FDIC testified at the temporary injunction hearing that the FDIC would not pay off insured depositors unless an insured bank was closed and the assets ordered liquidated. Otherwise, there would be a possibility of the bank reopening and thus no liability by the FDIC to the insured depositors. *See* Art. 489b, § 3.