IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-93-371-CV






BARBARA FASKEN,



 APPELLANT


vs.





PUBLIC UTILITY COMMISSION OF TEXAS; CAP ROCK ELECTRIC COOPERATIVE,


INC.; AND SOUTHWESTERN PUBLIC SERVICE COMPANY,



 APPELLEES





 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 93-07374, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING



 





PER CURIAM



 Appellant Barbara Fasken appeals from a judgment denying, without prejudice, her
petition for writ of mandamus filed in the district court of Travis County. Fasken sought issuance
of the writ to compel appellee Public Utility Commission to determine applications for certificates
of convenience and necessity of appellees Cap Rock Electric Cooperative, Inc., and Southwestern
Public Service Company. See Public Utility Regulatory Act, Tex. Rev. Civ. Stat. Ann. art.
1446c, § 54(f) (West Supp. 1993) ("PURA"). (1) Fasken has filed a motion to dismiss the cause as
moot. Cap Rock Electric and Southwestern have responded and requested this Court to dismiss
the appeal for want of jurisdiction or, alternatively, to dismiss the appeal but not the cause. 
Because we determine that the cause is moot, we will grant the motion to dismiss the cause. See
City of Garland v. Louton, 691 S.W.2d 603, 604-5 (Tex. 1985).

 Southwestern and Cap Rock Electric filed applications for certificates of
convenience and necessity ("CCN") for the construction of transmission facilities in February and
June 1992. See PURA, § 50 (West Supp. 1993). In June 1993, after the Commission remanded
the proceeding to the hearing examiner for additional evidence, Fasken filed her original petition
pursuant to section 54(f) of PURA. Documents admitted into evidence at the district-court hearing
showed that the Commission would consider a final order in the proceeding on September 15th. 
Based on that evidence, the district court denied the petition "without prejudice to Fasken filing
a petition for mandamus after September 15, 1993, if the Commission does not approve or deny
the applications . . . ." This order underlies the appeal now before this Court.

 Fasken asserts that the appeal is moot because the Commission issued its written
order granting the applications for CCN on September 14th. Fasken filed a motion for rehearing
that was overruled by operation of law on October 29th. See Act of May 4, 1993, 73d Leg.,
R.S., ch. 268, sec. 1, § 2001.146(c), 1993 Tex. Gen. Laws 583, 748 (to be codified as
Administrative Procedure Act, Tex. Gov't Code Ann. § 2001.146(c)). Accordingly, any order
on the petition for writ of mandamus can have no effect because the Commission has already acted
in the proceeding underlying the petition.

 To decide the appeal under such circumstance would constitute an advisory opinion. 
Texas Parks & Wildlife Dept. v. Texas Ass'n of Bass Clubs, 622 S.W.2d 594, 594 (Tex.
App.--Austin 1981, writ ref'd n.r.e.). Article V, section 8 of the Texas Constitution prohibits the
rendition of advisory opinions. Tex. Const. art. V, § 8; Fireman's Ins. Co. v. Burch, 442
S.W.2d 331, 333 (Tex. 1969). Appellate courts, therefore, do not decide cases in which no actual
controversy exists between the parties at the time of the hearing. City of W. Univ. Place v.
Martin, 123 S.W.2d 638, 639 (Tex. 1939); Texas Dept. of Health v. Long, 659 S.W.2d 158, 161
(Tex. App.--Austin 1983, no writ). Because the Commission has granted the applications in the
proceeding in which Fasken sought to compel a decision, the controversy no longer exists. See
City of W. Univ. Place, 123 S.W.2d at 638-39. A judgment of this Court would have no effect
for want of a subject matter upon which to operate, whether to order the Commission to grant or
deny the applications for CCN. See Texas Dept. of Health, 659 S.W.2d at 160. We, therefore,
grant Fasken's motion to dismiss the cause.

 Nevertheless, Cap Rock Electric and Southwestern urge us to dismiss the appeal
for want of jurisdiction. Fasken's suit in the district court was a cause of action authorized by
section 54(f) of PURA. In its judgment of July 19th, the district court disposed of all issues and
parties before the court and, thereby, rendered a final, appealable order. North E. Indep. Sch.
Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966); North W. Life Ins. Co. v. Walters, 663
S.W.2d 125, 126 (Tex. App.--Austin 1983, no writ). This Court has jurisdiction over appeals
from final judgments of the district court of Travis County. Tex. Civ. Prac. & Rem. Code Ann.
§ 51.012 (West 1986); Tex. Gov't Code Ann. §§ 22.210(d), .220(a) (West 1988); Felderhoff v.
Knauf, 819 S.W.2d 110, 111 (Tex. 1991); North E. Indep. Sch. Dist., 400 S.W.2d at 895. But
see Pelt v. State Bd. of Ins., 802 S.W.2d 822, 827 (Tex. App.--Austin 1990, writ denied);
Hancock v. State, 800 S.W.2d 683, 684 (Tex. App.--Austin 1990, writ denied) (trial-court order
resolving discovery dispute in agency proceeding is interlocutory order). We overrule the motion
to dismiss the appeal for want of jurisdiction.

 Alternatively, appellees request us to dismiss the appeal but not the cause. When
a case becomes moot on appeal, the appellate court sets aside the district-court judgment and
dismisses the cause. City of Garland, 691 S.W.2d at 604-5; City of W. Univ. Place, 123 S.W.2d
at 639. To dismiss only the appeal would effectively affirm the lower-court judgment without
consideration of any of the points of error. Texas Foundries, Inc. v. International Moulders &
Foundry Workers' Union, 248 S.W.2d 460, 461 (Tex. 1952); Robertson v. Land, 519 S.W.2d
227, 229 (Tex. Civ. App.--Tyler 1975, no writ).

 For the preceding reasons, we overrule the motion to dismiss the appeal and grant
the motion to dismiss the cause. The judgment of the district court is vacated and the cause is
dismissed as moot.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Judgment Vacated and Cause Dismissed as Moot

Filed: December 8, 1993

Do Not Publish
1. [1]  Section 54(f) provides:


 If the application for a certificate of convenience and necessity involves new
transmission facilities, the commission shall approve or deny the application within
one year after the date the application is filed. If the commission does not approve
or deny the application before this deadline, any party may seek a writ of mandamus
in a district court of Travis County to compel the commission to make a decision on
the application. Public Utility Regulatory Act, Tex. Rev. Civ. Stat. Ann. art.
1446c, § 54(f) (West Supp. 1993).