ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/2/2025 10:51 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00005-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/2/2025 10:51:52 PM
CHRISTOPHER A. PRINE
Clerk

# In The
# Fifteenth Court Of Appeals

♦

**JOHNNY PARTAIN**
*Appellant*

v.

**STATE OF TEXAS**
*Appellee*

♦

# APPELLANT'S MOTION FOR REHEARING/CLARIFICATION AND RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION

♦

JOHNNY R. PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821

No. 15-25-00005-CV

# In The
# Fifteenth Court Of Appeals

———— ♦ ————

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

———— ♦ ————

## APPELLANT'S MOTION FOR REHEARING/CLARIFICATION AND RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION

———— ♦ ————

TO THE HONORABLE JUSTICES OF THIS COURT OF APPEALS:

COMES NOW JOHNNY PARTAIN, Appellant in the above styled and numbered cause and files his *Appellant's Motion For Rehearing/Clarification And Reconsideration Of Order Denying Motion To Dismiss For Lack Of Jurisdiction,* and respectfully moves for a rehearing, reconsideration, and clarification of this Court's September 11, 2025, Order denying his motion to dismiss for lack of jurisdiction (Mootness).

## I. INTRODUCTION AND GROUNDS FOR REHEARING

This motion is necessary because the Court appears to have overlooked a critical jurisdictional defect that renders this entire appeal moot: the existence of a subsequent, final, and unchallenged district court judgment that settled the underlying controversy. "Final judgment" means one where the trial court has rendered a final judgment and all direct appeals have been exhausted. As subject-matter jurisdiction is essential to the Court's authority, this issue must be reconsidered.

On July 29, 2025, Hidalgo County District Court, case no. C-0929-12-F (Hidalgo), entered its final order stating -

> "Comes now the Court finding that Johnny Partain has already been justly and adequately compensated by the State Of Texas for all his claims in the above styled and number cause, making this case MOOT. IT IS ORDERED that any orders or judgments previously issued in this case are vacated. IT IS ORDERED that this case is DISMISSED with prejudice."

See the attached ORDER DISMISSING CAUSE AS MOOT. Partain informed this Court of the final order from Hidalgo through his <u>Appellant's Motion To Dismiss The District Case On Mootness</u> filed on August 29, 2025, and through his <u>Appellant's Motion To Take Judicial Notice Of Final Judgment Pursuant To TRE 201 (c) (2)</u> filed on September 29, 2025.

Partain originally filed the Hidalgo case on April 5, 2012. Partain sought to collect just and adequate compensation required to be paid pursuant to US Const. Amd. 5 and Tx. Const. Art. 1, Sec. 17 through an inverse-condemnation complaint against the State of Texas and against other political subdivisions and officials in Hidalgo. Texas claimed immunity to the lawsuit and generally gifted its political subdivisions and officials immunity as well through interlocutory orders, even though there was a mandate from the 13th Court of Appeal (see case no. 13-13-00341-CV) to take Partain to trial. Partain collected his just and adequate compensation on the debt that was owed since the State would not litigate in its own courts.

Thereafter, the State of Texas (Appellee), filed its <u>First Amended Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction</u> in the Travis County District Court parallel case no. D-1-GN-24-002560 (Travis) (see C.R. 8-20) to enjoin Partain from collecting the debt[1] that he sued for in the Hidalgo case. The State complained that pursuant to section 9.5185 of the Texas Business and Commerce Code and based on its "information and belief", that the State did not owe Johnny Partain a debt (C.R. 10, ¶ 10-14). The state complained that "Partain knew or should have known that he does not have a security interest in any of the State's property… because "The [Hidalgo] Court dismissed Partain's claims (cause no. C-0929-12-F) with prejudice on January 4, 2021." C.R. 10-11, ¶ 15. The State relied upon it fraud on the Travis Court and based its Travis case on the Hidalgo case regarding the same parties and the same debt, claiming it did not owe a debt based on interlocutory orders in Hidalgo case,

---

1     Neither the US Const. Amd. 5 nor the Tx. Const. Art. 1, Sec. 17, mention a debt. "Debt' is the word the State of Texas uses to describe its failure to pay just and adequate compensation as required by the constitutions.

which it rephrased as "information and belief." The existence of two conflicting judgments on the same debt between the same parties necessitates the application of preclusion doctrines in this case for judicial efficiency and consistency, including res judicata and collateral estoppel.

The State being intent on preventing Partain from collecting his just and adequate compensation as required by the US and Texas constitutions prayed that the Court would permanently enjoin Partain [sic] "from attempting to collect the alleged security interest (the debt) described in the Financing Statement."(Id. ¶ 36, 37) - which also referred to "just and adequate compensation." But, Partain had already collected the State's debt to him making relief in the Travis Court moot, making this appeals moot. See attached ORDER DISMISSING CAUSE AS MOOT.

Specifically, Texas sought "(1) a permanent injunction enjoining Partain from attempting to collect the alleged debt or security interest described in the fraudulent Financing Statement and enjoining Partain from filing further fraudulent financing statements against the State; (2) a declaration by the Court that the fraudulent Financing Statement is void and unenforceable; (3) a release of the financing statement; (4) an order requiring Partain to file an addendum releasing the State from Partain's fraudulent security interest; (5) $5,000 in statutory damages; (6) reasonable attorney's fees and costs; (7) all applicable pre- and post- judgment interest; (8) and any other relief in law or equity to which the State is justly entitled. First Am. Pet." C.R. 16; 29, ¶ 4. The State only received partial relief on its first 3 requests to prevent Partain from collecting his just and adequate compensation from the State. But again, Partain had already collected his just and adequate

compensation from the State making relief in the Travis Court moot, and making this appeals moot.   See attached ORDER DISMISSING CAUSE AS MOOT.

## II. ARGUMENT

## A. This Court Must Take Judicial Notice of the Final and Binding Hidalgo District Court Judgment.

Appellant has properly requested that this Court take judicial notice of the July 29, 2025 Order from the 332nd District Court of Hidalgo County in his Appellant's Motion To Take Judicial Notice Of Final Judgment Pursuant To TRE 201 (c) (2) filed on September 30, 2025 in this appeals court. This order is a public record, capable of accurate and ready determination, and thus constitutes an adjudicative fact under Texas Rule of Evidence 201.

The Order explicitly finds that Johnny Partain was compensated "just and adequate compensation," a finding that conclusively resolves the core issue of collecting a debt from the State of Texas in the original inverse-condemnation case, and the core issue of collecting that same debt from the State of Texas in the Travis case.  Since there are no other live issues, the Hidalgo order undermines and moots the Travis case which relied upon the Hidalgo case per the State of Texas' own Travis First Amended Petition.

While appellate review is generally limited to the trial record, the court must consider post-judgment events that bear on subject-matter jurisdiction and mootness.

**B. The State's Failure to Challenge the Judgment Confirms Its Finality and Preclusive Effect.**

The State of Texas objected to the order only in this appeals Court, but critically, failed to challenge its validity in the originating district court within the mandatory plenary power period (approximately 30 to 105 days). This inaction is not a mere procedural detail; it is the legal fact that transforms the order into an absolutely final, binding, and unassailable judgment.

The State's assertion that the order is the subject of "active dispute" is misleading and irrelevant to this appeals Court when the State voluntarily chose not to pursue the legal mechanisms available to them in the trial court to have the judgment set aside within the time periods established by Texas Rule of Civil Procedure 329b. An "active dispute" is not the same as a reasonable dispute, or even a legal dispute. Texas Rule of Evidence 201. The judgment stands as a final adjudication.

**C. The Doctrine of Mootness Eliminates This Court's Jurisdiction.**

A case is moot when the controversy between the parties has ceased to exist or has been resolved. The original injunction being appealed sought to prevent the collection of

compensation. The final judgment confirms the compensation was collected and the claim settled. There is no UCC lien to collect against the State because it has already been collected.

Mootness is a constitutional limitation on judicial authority, not a matter of judicial administration or prudence. A case can become moot at any time, including on appeal. The Texas Supreme Court has consistently held that courts must dismiss a case that is moot for want of jurisdiction. Camarena v. Texas Employment Com'n 754 S.W.2d 151, "[I]t is axiomatic that appellate courts do not decide cases in which no controversy exists between the parties. City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638 (1939); Texas Parks Wildlife Dept. v. Texas Assoc. of Bass Clubs, 622 S.W.2d 594 (Tex.App. — Austin 1981, writ ref'd n.r.e.). Generally, a case is determined to be moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed. 353 (1982), citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), quoting Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)." We have reiterated—and described as a "fundamental rule"—that a "court may not reach the merits if it finds a single valid basis to defeat jurisdiction." Rattray v. City of Brownsville, 662 S.W.3d 860, 868 (Tex. 2023). The entry of the Hidalgo final judgment means there is no live controversy for this Court to adjudicate since there is no relief the Travis Court or Appeals Court can provide except to illegally and collaterally attack the final judgment of the Hidalgo Court. This case is Moot.

Further, there is specific language in the Texas Constitution that removes the State's authority, including a court's authority to violate a citizen's right to just and adequate compensation. Tx. Const. Art. 1 Sec. 29 states, "To guard against transgressions of the high powers herein delegated, we declare that every thing in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void." Even the excuse of due process is left wanting. Tx. Const. Art. 1 Sec. 29 voids any acts of the State of Texas to uncompensate Partain, again making this case moot. The court must vacate any orders or judgments previously issued and dismiss the case for want of jurisdiction. Heckman v. Williamson Cnty., 369 S.W.3d 137, 162 (Tex. 2012).

## III. PRAYER

WHEREFORE PREMISES CONSIDERED, Johnny Partain respectfully prays that this Court GRANT this motion for rehearing and reconsideration, take judicial notice of the July 29, 2025 Order which is also attached hereto, VACATE its prior order denying the motion to dismiss, vacate any orders or judgments previously issued and DISMISS this appeal for lack of subject-matter jurisdiction. Alternately, Johnny Partain respectfully requests clarification on how the instant case is not Moot.

Respectfully Submitted,

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

## CERTIFICATE OF CONFERENCE

As required by TRAP 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties through Mr. Kyle Argenbright, Assistant Attorney General Litigation Division, Kyle.Argenbright@oag.texas.gov, about the merits of this motion.  There was no response.

Date: December 2, 2025

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document has been serviced by email to Mr. Kyle Argenbright, Assistant Attorney General General Litigation Division, Kyle.Argenbright@oag.texas.gov, on this December 2, 2025.

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108641876
Filing Code Description: Motion for Rehearing
Filing Description: Motion For Rehearing/Clarification Dismissal For Mootness
Status as of 12/3/2025 8:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Johnny Partain | | partain@atlastechnologies.biz | 12/2/2025 10:51:52 PM | SENT |
| Kyle Argenbright | | Kyle.Argenbright@oag.texas.gov | 12/2/2025 10:51:52 PM | SENT |
| Chelsea Goodman | | chelsea.goodman@oag.texas.gov | 12/2/2025 10:51:52 PM | SENT |