ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/2/2025 10:56 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00005-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/2/2025 10:56:48 PM
CHRISTOPHER A. PRINE
Clerk

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

# APPELLANT'S MOTION TO EXPEDITE CONSIDERATION OF THE MOTIONS TO DISMISS FOR LACK OF JURISDICTION (MOOTNESS) AND REQUEST FOR JUDICIAL NOTICE

◆

JOHNNY R. PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821

No. 15-25-00005-CV

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

## APPELLANT'S MOTION TO EXPEDITE CONSIDERATION OF THE MOTIONS TO DISMISS FOR LACK OF JURISDICTION (MOOTNESS) AND REQUEST FOR JUDICIAL NOTICE

◆

TO THE HONORABLE JUSTICES OF THIS COURT OF APPEALS:

COMES NOW JOHNNY PARTAIN, Appellant in the above styled and numbered cause and files his *Appellant's Motion To Expedite Consideration Of The Motions To Dismiss For Lack Of Jurisdiction (Mootness) And Request For Judicial Notice*, and respectfully moves this Court to expedite consideration of his previously filed *Appellant's Motion To Dismiss The District Case On Mootness* filed on August 29, 2025, *Appellant's Motion For Rehearing/Clarification And Reconsideration Of Order Denying Motion To Dismiss For Lack Of*

*Jurisdiction* filed on December 2, 2025*, and *Appellant's Motion To Take Judicial Notice Of Final Judgment Pursuant To TRE 201 (c) (2)* filed on September 30, 2025, pursuant to Texas Rule of Appellate Procedure 40.1(c).

## I. GROUNDS FOR EXPEDITION

Expedition of the pending jurisdictional motion is necessary in the interest of justice and to conform with constitutional restraints excepting out of the general powers of government any authority which would violate Partain's right to just and adequate compensation under Tx. Const. Art. 1, Sec. 17 and US Const. Amd. 5. The core of this appeal involves a fundamental lack of subject-matter jurisdiction, which the Court is obligated to resolve as a threshold matter. Specifically, whether the State of Texas was legally authorized to enjoin Partain from collecting just and adequate compensation from the State, which he already did collect pursuant to enforcing his civil rights.

The underlying controversy has been rendered moot by a subsequent, final, and unchallenged district court judgment entered by Hidalgo County 332nd District Court, in case no. C-0929-12-F (Hidalgo), on July 29, 2025. The Hidalgo District Court found that "Johnny Partain has already been justly and adequately compensated by the State Of Texas for all his claims in the above styled and numbered cause, making this case MOOT." The Court ordered that "any orders or judgments previously issued in this case are vacated." See the attached ORDER DISMISSING CAUSE AS MOOT.

Unnecessary delay in this case only prolongs the existence of conflicting court orders causing confusion to parties who have a direct interests in the outcome of this litigation

and prejudice to the Appellant, while the State stands on Partain's civil rights and deprives him enjoyment of his just and adequate compensation despite strong constitutional language guarding citizens against transgressions of the high power therein on the promise of voidness.

## II. ARGUMENT: THE APPEAL IS MOOT AS A MATTER OF LAW

The basis for expedition is the undisputed finality of the subsequent order from the Hidalgo case, which strips this Court of jurisdiction through Mootness as briefed in *Appellant's Motion To Dismiss The District Case On Mootness* filed on August 29, 2025, *Appellant's Motion For Rehearing/Clarification And Reconsideration Of Order Denying Motion To Dismiss For Lack Of Jurisdiction* filed on December 2, 2025, and *Appellant's Motion To Take Judicial Notice Of Final Judgment Pursuant To TRE 201 (c) (2).* Appellant hereby incorporates each of the preceding motions, as if fully stated herein.

**A. The District Court's Judgment is a Final and Unchallenged Adjudicative Fact.**

This Court has been provided with a certified copy of the July 29, 2025 Order from Hidalgo County District Court, case no. C-0929-12-F, attached hereto. This final judgment explicitly finds that Partain was "justly and adequately compensated" by the State of Texas, thereby concluding the underlying inverse-condemnation claim which this instant appeals is based on to prevent Partain from collecting same said claim. This is an **adjudicative fact** that this Court has been asked to judicially notice.

**B. The State's Inaction Renders the Judgment Irrefutably Final.**

The State had a clear procedural path to challenge the order's validity in the originating court during its plenary power period in the Hidalgo case. The State then publicly declared to this Court its additional intent to file a motion to withdraw the judgment but again has failed to take *any* action in the district court for over two months.

Under Texas law, the failure to timely challenge a judgment within the trial court's plenary power period (Texas Rule of Civil Procedure 329b) renders that judgment absolutely final and binding over the parties and the issues. The State's objection in this Court cannot override the finality of a judgment in another court.

**C. A Jurisdictional Defect Mandates Immediate Dismissal.**

Mootness is a jurisdictional bar to the exercise of judicial power, as Texas courts cannot issue advisory opinions. The Texas Supreme Court has consistently held that courts must dismiss a case that is moot for want of jurisdiction. Camarena v. Texas Employment Com'n 754 S.W.2d 151, "[I]t is axiomatic that appellate courts do not decide cases in which no controversy exists between the parties. City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638 (1939); Texas Parks Wildlife Dept. v. Texas Assoc. of Bass Clubs, 622 S.W.2d 594 (Tex.App. — Austin 1981, writ ref'd n.r.e.). Generally, a case is determined to be moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed. 353

(1982), citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), quoting Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)." We have reiterated—and described as a "fundamental rule"—that a "court may not reach the merits if it finds a single valid basis to defeat jurisdiction." Rattray v. City of Brownsville, 662 S.W.3d 860, 868 (Tex. 2023). Mootness is a jurisdictional bar to the exercise of judicial power, as Texas courts cannot issue advisory opinions.

## III. PRAYER

WHEREFORE PREMISES CONSIDERED, Johnny Partain respectfully prays that this Court **GRANT** this motion to expedite, take judicial notice of the July 29, 2025 Order, **GRANT** the motion to dismiss for lack of jurisdiction, vacate the trial court's injunction, and any other order therefrom, and dismiss this appeal.

Respectfully Submitted,

_____

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

## CERTIFICATE OF CONFERENCE

As required by TRAP 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties through Mr. Kyle Argenbright, Assistant Attorney General Litigation Division, Kyle.Argenbright@oag.texas.gov, about the merits of this motion.  There was no response.

Date: December 2, 2025

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document has been serviced by email to Mr. Kyle Argenbright, Assistant Attorney General General Litigation Division, Kyle.Argenbright@oag.texas.gov, on this December 2, 2025.

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108641890
Filing Code Description: Motion
Filing Description: Motion To Expedite
Status as of 12/3/2025 8:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Johnny Partain | | partain@atlastechnologies.biz | 12/2/2025 10:56:48 PM | SENT |
| Kyle Argenbright | | Kyle.Argenbright@oag.texas.gov | 12/2/2025 10:56:48 PM | SENT |
| Chelsea Goodman | | chelsea.goodman@oag.texas.gov | 12/2/2025 10:56:48 PM | SENT |